## IRWIN, FORMER COLLECTOR OF INTERNAL REVENUE, v. GAVIT.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 325. Argued April 15, 1925.—Decided April 27, 1925.

1. A will provided that the income from a fund in trust should be applied to the education and support of the testator's granddaughter so far as the trustees deemed proper and that the balance of it should be divided into two equal parts one of which should be paid to the plaintiff in equal, quarter-yearly instalments during his life. On the granddaughter's reaching the age of twenty-one or dying, the fund was to go over, so that, considering her age, the plaintiff's interest could not exceed fifteen years. *Held,* that the sums paid the plaintiff were taxable income within the meaning of the Constitution, and of the Income Tax Act of October 3, 1913, which taxed "the entire net income arising or accruing * * * to every citizen of the United States" and defined net income as "gains or profits and income derived from any source whatever, including the income from but not the value of property acquired by gift, bequest, devise or descent." P. 166.

2. The provision of the above act exempting bequests assumes the gift of a corpus and contrasts it with the income arising from it, but was not intended to exempt income, properly so called, simply because of a severance between it and the principal fund. P. 167.

3. The rule that tax laws shall be construed favorably for the taxpayers is not a reason for creating or exaggerating doubts of their meaning. P. 168.

295 Fed. 84, reversed.

CERTIORARI to a judgment of the Circuit Court of Appeals affirming a judgment for the plaintiff in an action to recover taxes and penalties exacted under an income tax law. See 275 Fed. 643.

The *Solicitor General,* with whom *Mr. Chester A. Gwinn,* was on the brief, for petitioner.

The payments were income, taxable at normal and surtax rates under § II of the Income Tax Act of 1913. The

decision of this Court in the case of *Maguire* v. *Trefry,*
253 U. S. 12, directly refutes the contention that earnings
of capital, in order to be income to the recipient within
the meaning of the Income Tax Act of 1913 and the Six-
teenth Amendment, must be a gain derived from a capi-
tal or corpus actually owned by the recipient of the in-
come. *Merchants' Loan & Trust Co.* v. *Smietanka,* 255
U. S. 509. The error of the Circuit Court of Appeals
lies in confusing the income from a legacy with the legacy
itself. Under the act the former is taxed as income while
the latter is not. What Gavit in fact took under Brady's
will was a vested beneficial interest in the trust estate,
enforceable in a court of equity, and which consisted of
the right to receive, under certain conditions, a portion
of the income. On this interest or use there was no tax
because he received it as a bequest. On the other hand,
what income Gavit received from the trustees of the
estate was taxable. Gavit's interest in the trust fund
was "property," the "value" of which is exempt from
tax as income because received as a bequest. *Raymer* v.
*Trefry,* 239 Mass. 410. The fact that the enjoyment is
uncertain never interferes with the vesting of an estate.
When the contingency is not in the person, but in the
event when enjoyment shall commence, or in the time
of the enjoyment, the interest is considered vested. *Neil-
son* v. *Bishop,* 45 N. J. Eq. 473.

"Income" from capital must be, not capital, but the pro-
ceeds of capital. A gift or bequest of capital assets even if
payable in installments is not "income." Here not a
portion of the capital assets forming the corpus, but cer-
tain of the earnings thereof, passed to the *cestui que
trust.* The *cestui que trust* has an interest in the corpus,
because he is legally entitled to receive whatever income
is given him and must have the right to enforce payment
if it is wrongfully withheld. The act of 1913 specifi-
cally taxes income "growing out of the ownership or use

of or interest in real or personal property." Therefore, it must inevitably follow that, as Gavit had an " interest in " the corpus, the proceeds thereof coming into his hands were taxable income. In denying that the *cestui que trust* had any interest in the principal the lower courts ignored the law of the State of New York as to trust estates. *Metcalfe v. Union Trust Company*, 181 N. Y. 39.

The most important aspect of the decision below is not the obvious error in this particular case, but the serious and far-reaching effect upon the whole income-tax system of the Government.

A Constitutional question is involved. The suggestion of the opinion below is that a bequest of income can not be " income " under the Sixteenth Amendment, where the beneficiary owns no part of the corpus, and is not made income by Congress calling it such. Under this theory Congress has no power to tax the income from property acquired by gift or legacy where income is bequeathed apart from the corpus; but under such circumstances both the value of the property itself and the income therefrom are necessarily exempt. The income from a legacy is taxable as income whether the legatee owns any part of the corpus or not. *Baltzell* v. *Casey*, 1 Fed (2) 29; aff'd. by C. C. A., Jan. 14, 1925. *Stratton's Independence* v. *Howbert*, 231 U. S. 399; *Merchants' Loan & Trust Co.* v. *Smietanka, supra.* There is, and always has been, ample power in Congress to tax income from whatever source derived. Congress used the word " income " in its popular and broadest sense. *Eisner* v. *Macomber*, 252 U. S. 189; *Lynch* v. *Hornby*, 247 U. S. 339.

*Mr. Neile F. Towner,* for respondent.

The respondent was bequeathed a certain portion of the increase of the estate of the testator for a definite period; that is, until the granddaughter of the testator, who is the daughter of the respondent, attained the age of

twenty-one years. The gift to Mr. Gavit is further limited by the life of the granddaughter, as the will provided that if, prior to attaining the age of twenty-one, she died, respondent was to receive no further sum whatsoever under the will as the entire trust estate went to the issue of the granddaughter, if any, otherwise to the testator's issue. What, then, did Mr. Gavit receive from the estate? A legacy and a bequest are held to be synonymous terms and are properly used to distinguish a gift of personalty made by a testator from a devise which is a gift of realty. *In re Campbell's Estate*, 75 Pac. 851, 853. A bequest is a conditional or unconditional voluntary disposition of personal property by will. *Merriam v. United States*, 263 U. S. 179. Under these well recognized definitions, it can not be held that Mr. Gavit did not receive a gift or bequest. It is urged, however, that because, instead of receiving a definite sum or a definite portion of the corpus of the estate, he received a part of the increase, his gift ceased to be a legacy and became income. This contention we believe is unsound when we bear in mind that we are considering this proposition, not from the viewpoint of the estate or the testator's executors and trustees, but from the viewpoint of Mr. Gavit. There is ample authority for our contention that, so far as a beneficiary is concerned, the fact that the gift he received from a testator is measured by the increase of the corpus of the estate, does not change his position, and what he receives continues to be a legacy or bequest and he continues to be a legatee. *Disston v. McClain*, 147 Fed. 114; *United States v. Fidelity Trust Co.* 222 U. S. 158; *Westhus v. Union Trust Co.* 164 Fed. 795; *Matter of Stanfield*, 135 N. Y. 292.

Assume, for instance, in this case that the testator had directed one hundred and fifty thousand dollars to be paid to the respondent in fifteen annual installments which would be approximately the period in this case, there

could be no question but that such a gift would be con-
sidered as a bequest. Assume further, that the testator
had divided his estate into six equal parts and directed
his executors to pay to the respondent a portion of one
of the parts in fifteen annual installments. In either case,
as far as the beneficiary was concerned, he would be in
receipt of a bequest and not income. This leads logically
and directly to the present case, where the testator, in-
stead of giving any part of the corpus of his estate to the
respondent, directed that a certain percentage of the
corpus should be set aside and that the respondent should
receive a certain portion of the interest on that trust fund
for a period limited. *Smietanka* v. *First Trust & Savings
Bank,* 257 U. S. 602, distingushed. *Maguire* v. *Trefry,*
253 U. S. 12, distinguished. See *Knowlton* v. *Moore,*
178 U. S. 41.

A conclusive answer to the contention that, although
this gift might not be income so far as the respondent
himself was concerned, it was income so far as the estate
was concerned; and hence taxable, is that the income of
an estate was not taxable under the Act of 1913 where
there was no person in receipt of such income, simply as
income. *Smietanka* v. *First Trust & Savings Bank,* 257
U. S. 602.

*Mr. Frank Davis* and *Mr. John W. Davis* filed a brief
as *amici curiae* by special leave of Court.

*Mr. James Craig Peacock* and *Mr. John W. Townsend*
also filed a brief as *amici curiae* by special leave of Court.

MR. JUSTICE HOLMES delivered the opinion of the
Court.

This is a suit to recover taxes and penalties exacted by
the Collector under the Income Tax Act of October 3,
1913, c. 16, Section II, A. subdivisions 1 and 2; B. D. and

E. 38 Stat. 114, 166, *et seq.* The Collector demurred to the complaint. The demurrer was overruled and judgment given for the plaintiff by the District Court, 275 Fed. 643, and the Circuit Court of Appeals, 295 Fed. 84. A writ of certiorari was granted by this Court. 264 U. S. 579.

The question is whether the sums received by the plaintiff under the will of Anthony N. Brady in 1913, 1914 and 1915, were income and taxed. The will, admitted to probate August 12, 1913, left the residue of the estate in trust to be divided into six equal parts, the income of one part to be applied so far as deemed proper by the trustees to the education and support of the testator's granddaughter, Marcia Ann Gavit, the balance to be divided into two equal parts and one of them to be paid to the testator's son-in-law, the plaintiff, in equal quarter-yearly payments during his life. But on the granddaughter's reaching the age of twenty-one or dying the fund went over, so that, the granddaughter then being six years old, it is said, the plaintiff's interest could not exceed fifteen years. The Courts below held that the payments received were property acquired by bequest, were not income and were not subject to tax.

The statute in Section II, A, subdivision 1, provides that there shall be levied a tax " upon the entire net income arising or accruing from all sources in the preceding calendar year to every citizen of the United States." If these payments properly may be called income by the common understanding of that word and the statute has failed to hit them it has missed so much of the general purpose that it expresses at the start. Congress intended to use its power to the full extent. *Eisner* v. *Macomber,* 252 U. S. 189, 203. By B. the net income is to include 'gains or profits and income derived from any source whatever, including the income from but not the value of property acquired by gift, bequest, devise or descent.'

By D. trustees are to make 'return of the net income of the person for whom they act, subject to this tax,' and by E. trustees and others having the control or payment of fixed or determinable gains, &c., of another person who are required to render a return on behalf of another are 'authorized to withhold enough to pay the normal tax.' The language quoted leaves no doubt in our minds that if a fund were given to trustees for A for life with remainder over, the income received by the trustees and paid over to A would be income of A under the statute. It seems to us hardly less clear that even if there were a specific provision that A should have no interest in the corpus, the payments would be income none the less, within the meaning of the statute and the Constitution, and by popular speech. In the first case it is true that the bequest might be said to be of the corpus for life, in the second it might be said to be of the income. But we think that the provision of the act that exempts bequests assumes the gift of a corpus and contrasts it with the income arising from it, but was not intended to exempt income properly so-called simply because of a severance between it and the principal fund. No such conclusion can be drawn from *Eisner* v. *Macomber*, 252 U. S. 189, 206, 207. The money was income in the hands of the trustees and we know of nothing in the law that prevented its being paid and received as income by the donee.

The Courts below went on the ground that the gift to the plaintiff was a bequest and carried no interest in the corpus of the fund. We do not regard those considerations as conclusive, as we have said, but if it were material a gift of the income of a fund ordinarily is treated by equity as creating an interest in the fund. Apart from technicalities we can perceive no distinction relevant to the question before us between a gift of the fund for life and a gift of the income from it. The fund is ap-

propriated to the production of . the same result whichever form the gift takes. Neither are we troubled by the question where to draw the line. That is the question in pretty much everything worth arguing in the law. *Hudson County Water Co.* v. *McCarter,* 209 U. S. 349, 355. Day and night, youth and age are only types. But the distinction between the cases put of a gift from the corpus of the estate payable in instalments and the present seems to us not hard to draw, assuming that the gift supposed would not be income. This is a gift from the income of a very large fund, as income. It seems to us immaterial that the same amounts might receive a different color from their source. We are of opinion that quarterly payments, which it was hoped would last for fifteen years, from the income of an estate intended for the plaintiff's child, must be regarded as income within the meaning of the Constitution and the law. It is said that the tax laws should be construed favorably for the taxpayers. But that is not a reason for creating a doubt or for exaggerating one when it is no greater than we can bring ourselves to feel in this case.

*Judgment reversed.*

MR. JUSTICE SUTHERLAND, dissenting.

By the plain terms of the Revenue Act of 1913, the value of property acquired by gift, bequest, devise, or descent is not to be included in net income. Only the income derived from such property is subject to the tax. The question, as it seems to me, is really a very simple one. Money, of course, is property. The money here sought to be taxed as income was paid to respondent under the express provisions of a will. It was a gift by will,—a bequest. *United States* v. *Merriam,* 263 U. S. 179, 184. It, therefore, fell within the precise letter of the statute; and, under well settled principles, judicial inquiry may go no further. The taxpayer is entitled to the

rigor of the law. There is no latitude in a taxing statute,—you must adhere to the very words. *United States* v. *Merriam, supra,* pp. 187–188.

The property which respondent acquired being a, bequest, there is no occasion to ask whether, before being handed over to him, it had been carved from the original corpus of, or from subsequent additions to, the estate. The corpus of the estate was not the legacy which respondent received, but merely the source which gave rise to it. The money here sought to be taxed was not the fruits of a legacy; it was the legacy itself. *Matter of Stanfield,* 135 N. Y. 292, 294.

With the utmost respect for the judgment of my brethren to the contrary, the opinion just rendered, I think without warrant, searches the field of argument and inference for a meaning which should be found only in the strict letter of the statute.

Mr. Justice Butler concurs in this dissent.