APPEAL OF ESTATE OF MARY E. JACKMAN; ALEXANDER VAN WAGONER, EXECUTOR.

Docket No. 1091.     Submitted July 2, 1925.     Decided September 8, 1925.

1. The Board may consider any matter which is a proper defense to an asserted deficiency and to determine whether or not any deficiency is due. Such determination if in favor of the taxpayer does not have the effect of ordering the Commissioner to pay a refund.

2. The net income derived from a residuary estate and paid by trustees to a life tenant thereof, pursuant to the will, constitutes taxable income of the life tenant. *Irwin* v. *Gavit*, 268 U. S. 161.

*Lee I. Park, Esq.*, for the Commissioner.

Before JAMES, LITTLETON, SMITH, and TRUSSELL.

### FINDINGS OF FACT.

Mary E. Jackman was, during the year 1920, an individual residing in Brooklyn, N. Y. During the said year she was in receipt of income under circumstances more fully set forth below, consisting of certain distributions from the estate of her then deceased husband, and duly returned the said income in the amount of $55,295.34, and paid the tax thereon.

Thereafter, upon an audit of the taxpayer's return, additional income was discovered in the amount of $1,500, not connected with the said income received from fiduciaries, and upon that additional income the Commissioner asserts a deficiency. The taxpayer admits the income of $1,500 but denies that the amount of $55,295.34 was taxable income.

The circumstances under which the above-mentioned income was received were as follows:

Stephen E. Jackman, who was the husband of the said Mary E. Jackman, died a resident of the County of Kings, New York City, N. Y., on January 13, 1919, leaving a last will and testament which was duly admitted to probate by the surrogate of said county on February 19, 1919. Said will conveyed the entire residuary estate to trustees, in trust, with the direction to pay the entire net income derived from said estate, after payment of the fixed annuities to persons named therein, unto the said Mary E. Jackman, his widow, during her life, with remainder thereafter over to other persons likewise therein named. No other provisions other than specific bequests were therein made for or in behalf of said Mary E. Jackman, and she was not given, nor had she, nor has her

estate or legal representatives, any right to or interest in any part of the corpus, principal, or remainder of said estate of Stephen E. Jackman, nor any power over disposition of same.

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

JAMES: The Commissioner moved to dismiss the appeal of this taxpayer on the ground that it consisted merely in an indirect application for a claim for refund which this Board could not grant. But we have held in the *Appeal of Hickory Spinning Company*, 1 B. T. A. 409, that the Board may consider any matter which is a proper defense to an asserted deficiency. The taxpayer set up as a ground for appeal from the deficiency asserted by the Commissioner that the income originally returned was erroneous and that the taxpayer does not owe a deficiency. This issue is clearly before the Board and clearly within its jurisdiction. Its determination, to be sure, can not have the effect of ordering the Commissioner to pay a refund. Its determination can be at most that no deficiency is due. The motion of the Commissioner must, therefore, be denied.

The motion having been in the nature of a demurrer, the next inquiry is whether the facts as stated by the taxpayer, taken to be true and found in the above findings of fact, constitute a cause of, action. We must hold that they do not, and decide for the Commissioner on the merits under the authority of *Irwin* v. *Gavit*, 268 U. S. 161, decided April 27, 1925.

ARUNDELL not participating.