**WARNER v. WALSH, Collector of Internal Revenue.**

(District Court, D. Connecticut. January 18, 1926.)

No. 2849.

Internal revenue ⬥⇒7—Income from securities bequeathed to trustee held taxable income.

Where securities were bequeathed to trustees, with direction that income therefrom to certain limit should be paid annually to testator's widow, during her lifetime, *held*, money so paid was taxable income, and not exempt bequest or legacy.

At Law. Action by Eva F. Warner against James J. Walsh, Collector of Internal Revenue. On demurrer to the complaint. Demurrer sustained.

Edward Holloway, of New York City, for plaintiff.

John A. Danaher, Asst. U. S. Atty., of Hartford, Conn., for defendant.

THOMAS, District Judge. This matter is before the court on defendant's demurrer to plaintiff's complaint, which alleges that in 1918 the plaintiff was in receipt of $50,000 from one D. H. Warner, who was a trustee under the will of one I. De Ver Warner, deceased, and that under the provisions of the will this sum was to be paid annually to the plaintiff during her life. It is further alleged that the plaintiff duly prepared her income tax return on the 15th day of March, 1918, for the taxable year ending December 31, 1917, and that the defendant, as collector of internal revenue for the district of Connecticut, thereupon levied and assessed a tax of $2,517.93, which the plaintiff paid on June 3, 1918. As the basis for a second count, the plaintiff alleges a similar state of facts with reference to a tax of $7,038.98 imposed and paid for the year 1918.

The will, under which the plaintiff was paid annually, bequeathed in substance certain securities to trustees, and directed that from the interest, income, and increase thereof $50,000 should be paid annually to the plaintiff, who was the widow of the testator, such annual payment to continue during her lifetime. It further provided that, in the event that the income was insufficient to pay this sum the trustees take from the principal a sum sufficient to make up the deficiency, and that the annuities so bequeathed should be taken and accepted by the plaintiff in lieu of the statutory rights which the widow would have in the distribution of the testator's estate.

This suit is brought to procure a refund of the tax paid to the collector upon the ground that the tax was paid upon a bequest or a legacy, and that it was therefore exempt from taxation. The plaintiff submitted at oral argument and in her brief, an elaborate discussion in support of her contention. However meritorious the logic of the plaintiff's position may be, the fact is that the court feels itself foreclosed from any consideration of the same by reason of the controlling decision of the Supreme Court of the United States in Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897. There the suit was brought to recover a tax levied under conditions identical with those in the case at bar, and Mr. Justice Holmes said:

"The question is whether the sums received by the plaintiff under the will of Anthony N. Brady in 1913, 1914, and 1915 were income and taxed. The will, admitted to probate August 12, 1913, left the residue of the estate in trust to be divided into six equal parts, the income of one part to be applied so far as deemed proper by the trustees to the education and support of the testator's granddaughter, Marcia Ann Gavit, the balance to be divided into two equal parts and one of them to be paid to the testator's son-in-law, the plaintiff, in equal quarter yearly payments during his life. But on the granddaughter's reaching the age of 21 or dying the fund went over, so that, the granddaughter then being 6 years old, it is said the plaintiff's interest could not exceed 15 years. The courts below held that the payments received were property acquired by bequest, were not income and were not subject to tax. * * *

"The courts below went on the ground that the gift to the plaintiff was a bequest and carried no interest in the corpus of the fund. We do not regard those considerations as conclusive, as we have said, but if it were material a gift of the income of a fund ordinarily is treated by equity as creating an interest in the fund. Apart from technicalities we can perceive no distinction relevant to the question before us between a gift of the fund for life and a gift of the income from it. The fund is appropriated to the production of the same result whichever form the gift takes. Neither are we troubled by the question where to draw the line. That is the question in pretty much everything worth arguing in the law. * * *

"We are of opinion that quarterly payments, which it was hoped would last for 15 years, from the income of an estate intended for the plaintiff's child, must be regarded as income within the meaning of the Constitu-

tion and the law. It is said that the tax laws should be construed favorably for the taxpayers. But that is not a reason for creating a doubt or for exaggerating one when it is no greater than we can bring ourselves to feel in this case."

It is evident, from an examination of the points presented by counsel in that case, that all of the considerations advanced in that case were before the Supreme Court. Its opinion was based squarely upon the proposition that the gift of the income of a fund for life is equivalent to a gift of the use of the fund for life. It is true that counsel for plaintiff, in his attempt to distinguish the Irwin Case from the case at bar, suggests that the reason why the Supreme Court reached its conclusion was because it found itself under a moral necessity to do so in order to prevent a large block of income from escaping taxation. This rather naive exposition of judicial motives may or may not resemble the fact, but this court can only conclude that the motive of the Supreme Court in construing any statute is the common motive of enforcing the law in accordance with the meaning and intendment of the text as the court found it.

Nor does the emphasis laid by the plaintiff on the question as to who should pay the tax, whether the trustee or legatee, impress us. There is no suggestion in this case that the tax levied by the government was paid by the trustee and that the plaintiff is being subjected to double taxation. Since the pleadings do not raise this question, further consideration is unnecessary.

The demurrer is sustained. Decree accordingly.