APPEAL OF SOPHIA G. COXE.

Docket No. 2121.   Decided October 29, 1926.

1. Income received by the owner of a life estate acquired by will is taxable and can not be regarded as a non-taxable legacy or bequest.

2. Losses sustained by an estate upon the sale of securities are not deductible from the gross income of a person holding a life interest in such estate.

3. The Mining and Mechanical Institute of the Anthracite Coal Region, Inc., of Freeland, Pa., *held* to be a corporation contributions to which are deductible under the Revenue Act of 1918, section 214 (a) (11).

4. The Board will not judicially notice the nature of an organization merely from the names of the individuals who sponsored it; and the fact that a corporation was organized to promote world peace is not sufficient *per se* to bring it within the classification of " corporations organized and operated exclusively for religious, charitable, scientific, or educational purposes."

*John Cadwalader, Jr., Esq.,* for the petitioner.
*E. C. Lake, Esq.,* for the Commissioner.

This appeal involves a deficiency in income tax for the year 1919, in the amount of $43,075.95. From the evidence by oral testimony and exhibits introduced at the hearing, the Board makes the following

### FINDINGS OF FACT.

The taxpayer in 1919 was a life tenant under the will of Eckley B. Coxe and had no interest in the principal or remainder of the estate.

A loss of $39,320.21 on the sale of securities by the estate was deducted by the taxpayer in her tax return for the year 1919.

The taxpayer made contributions in 1919 of $2,000 to the Mining and Mechanical Institute of the Anthracite Coal Region, Inc., of Freeland, and of $5,000 to the League to Enforce Peace. Other contributions in addition to those reported upon her return were made by the taxpayer in 1919, totaling $37,331.33.

The Mining and Mechanical Institute of the Anthracite Coal Region, Inc., of Freeland, was a corporation organized and operated exclusively for charitable or educational purposes, no part of the net earnings of which inured to the benefit of any private stockholder or individual.

The evidence is not conclusive as to the nature of the League to Enforce Peace.

The Commissioner determined a deficiency in the amount of $43,075.95, from which determination the taxpayer duly filed her appeal with this Board.

### OPINION.

MARQUETTE: The first question before us for decision is whether income received by a life tenant is a non-taxable legacy or bequest. That question was recently decided by the Supreme Court in *Irwin v. Gavit*, 268 U. S. 161, contrary to the taxpayer's contention. In the present appeal no evidence was introduced as to the terms of the will or the nature of the taxpayer's interest in the income. We have the mere statement that the interest was a life estate. Such evidence is insufficient as a basis for distinction from the decision in *Irwin v. Gavit, supra.*

The next question presented, broadly stated, is whether a life tenant may deduct from gross income losses sustained by the estate

on the sale of securities. That question was passed upon by us in the *Appeal of Mary P. Eno Steffanson*, 1 B. T. A. 979, contrary to the taxpayer's contention. See also *Appeal of Louise P. V. Whitcomb*, 4 B. T. A. 80. Accordingly, we hold that the taxpayer was properly taxable as to income received in 1919, without deduction for any loss sustained by the estate on the sale of securities.

The remaining issues are with respect to the deductibility of certain contributions made in the year 1919.

The Mining and Mechanical Institute of the Anthracite Coal Region, Inc., of Freeland, was incorporated under the laws of Pennsylvania July 31, 1894, for the purpose of affording educational and scientific advancement for the men and boys engaged, or desirous of engaging, in the business of mining; mechanical or other pursuits to better fit themselves for the work which they propose to undertake, and to furnish those who desire the same proper facilities for preparing themselves for the examinations given by the Mining Commission of the State of Pennsylvania. It had no other purpose than to give education to the boys and men in that coal region. It was operated without profit—was run by means of an endowment fund and actually had a deficit each year. Each member of the board of trustees paid a minimum fee of $10. Nominal tuition charges were made but did not in the aggregate amount to one-half of the annual expenses of the institution.

In our opinion the taxpayer has proved that the $2,000 contribution to the Mining and Mechanical Institute of the Anthracite Coal Region, Inc., of Freeland, was a proper deduction and it should be allowed.

With reference to the $5,000 contribution to the League to Enforce Peace, the evidence does not satisfy us that such corporation meets the statutory requirements as " a corporation organized and operated exclusively for religious, charitable, scientific, or educational purposes." We can not take judicial notice of the nature of the organization merely from the names of prominent individuals who sponsored it.

In the tax return as filed, the taxpayer enumerated contributions made only to the extent of 15 per cent of her net income reported. The disallowance of the $39,320.21 loss increases the taxpayer's net income and permits a greater deduction for contributions within the 15 per cent limitation. In addition to the $2,000 and $5,000 contributions above referred to, the taxpayer made other contributions in the year 1919, totaling $37,331.33. It was stipulated by the parties that these contributions will be subject to examination by the Commissioner.

> *Judgment will be entered on 15 days' notice, under Rule 50.*