T. MONROE DOBBINS, EXECUTOR, ESTATE OF EMILY M. DOBBINS, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11012. Promulgated September 16, 1927.

A person is taxable on income of a trust which she received as legatee of an original beneficiary of the trust.

*Robert McCracken, Esq.*, for the petitioner.
*A. H. Fast, Esq.*, for the respondent.

This proceeding involves a deficiency in income tax for the year 1918, in the amount of $14,175.55. Petitioner contends that respondent erred in including in the gross income of his testatrix, for the year 1918, the income which arose from a trust and of which such testatrix was the beneficiary under the will of an original beneficiary of the trust. The facts are stipulated.

#### FINDINGS OF FACT.

T. Monroe Dobbins is the executor of the estate of Emily H. Dobbins, deceased.

Edward T. Dobbins died in 1906. By his will, he created a trust, the net income of which was payable to the extent of $2,000 a month

to testator's sister, Mary A. Dobbins, and all the net income in excess of that amount was payable in equal shares to Mary A. Dobbins and testator's brother, Murrell Dobbins. The trust was to continue during the life of Mary A. Dobbins, who is still living. The trustees were directed to pay on the death of Mary, the corpus of the trust to such charitable institutions as Mary A. Dobbins should, by her will, appoint. It is uncertain to whom the corpus will go at the death of Mary, in default of an appointment by her. Murrell Dobbins died testate in 1917, and by his will made his wife, Emily M. Dobbins, petitioner's testatrix, his residuary legatee.

Following the death of Murrell Dobbins, a contest arose over the question who was entitled to the income of the trust. This was determined by an adjudication of the Orphans Court of Philadelphia County, Pennsylvania (*Dobbins' Estate*, 26 Pa. Dist. Rep. 1107), where it was held that the executor of Murrell Dobbins was entitled to the half interest of his testator in the surplus net income of the trust, so long as Mary A. Dobbins was alive.

Emily M. Dobbins received under the will of her husband the share of income to which he was entitled and, upon advice of counsel, did not include in her income-tax return for 1918 any part of such income. Respondent has determined that so much of the income of said trust as was received by Mary A. Dobbins, during the year 1918, was part of her gross income for that year.

Upon the death of Murrell Dobbins, return was made for Federal estate-tax purposes, but this return omitted to state that his estate enjoyed certain rights under the will of Edward T. Dobbins. Respondent, upon investigation, included in the gross estate of Murrell Dobbins the right of his estate to receive the income from the trust created by Edward T. Dobbins, and valued the same for estate-tax purposes at $212,438.05. The estate of Murrell Dobbins paid additional tax by reason of the inclusion of said amount in the gross estate of said testator.

Emily M. Dobbins died in the latter part of 1922, without having received an amount equal to the total sum of $212,438.05, the amount at which the right of the estate of her husband to receive such income was valued for estate-tax purposes.

OPINION.

MILLIKEN: Petitioner makes three contentions: first, that Emily M. Dobbins was a legatee under the will of her husband, and that the income which she received, which arose from the trust created by Edward T. Dobbins, was in the nature of a bequest, and therefore, not taxable; second, that Emily M. Dobbins might have elected to renounce the will of her husband and therefore she surrendered a

valuable right and became a purchaser for the value of the income; and, third, that the right to receive such income having been taxed to the estate of Murrell Dobbins, should not be again taxed to her.

It is not clear, from the facts stipulated, whether Emily M. Dobbins received the income of the trust directly from the trustees under the will of Edward T. Dobbins, or whether the income was first paid to the executor of Murrell Dobbins and by him turned over to her. However, the view we take of this question renders this matter immaterial.

The income of which Emily M. Dobbins was in receipt was the income of the trust created by Edward T. Dobbins. Under the rule laid down in *Irwin* v. *Gavit*, 268 U. S. 161; 5 Am. Fed. Tax Rep. 5380, Murrell Dobbins was, while he was alive, taxable on this income. Under section 219 of the Revenue Act of 1918, this income was deductible by the trustees of the will of Edward T. Dobbins, and returnable by and taxable to Murrell Dobbins. The will of Murrell Dobbins simply transferred his right to this income to Emily, his widow. At all times, it remained, for income-tax purposes, income from a trust. It was thereupon Emily's duty to make return of what she received, and she was taxable thereon. The intervention of a second beneficiary does not serve to take this proceeding out of the rule laid down in the *Gavit* case. See also *Appeal of Ernest P. Waud, et al., Executors,* 6 B. T. A. 871.

In support of his second contention, petitioner cites *Warner* v. *Walsh*, 15 Fed. (2d) 367; 6 Am. Fed. Tax Rep. 6340. In our opinion, this decision is not applicable. In the *Warner* case, the subject matter was an annuity and the court based their decision on the provisions of section 4 of the Revenue Act of 1916 and section 213 (b) (2) of the Revenue Act of 1918. These sections bore on that case in that they contained provisions relative to the taxation of annuities. In the instant case, we have a bequest not of an annuity, but of income. The distinction between bequests of income and bequests of annuities is of long standing. Cf. *Ronald DeReuter* v. *Commissioner,* 7 B. T. A. 600. The taxation of annuities is covered by section 213 of the Revenue Act of 1918, and the taxation of income derived from trusts and estates is governed by section 219 of the same Act. This proceeding falls within the rule laid down in the *Gavit* case.

The facts stipulated are not sufficient to enable us to determine the deficiency, even if we held that the *Warner* case was applicable. We do not know the value of the estate of Murrell Dobbins, what part of that estate went to his widow, or what was the amount of the income from the trust which she received.

The third contention of petitioner must be disposed of adversely to him on the authority of *Appeal of Ernest P. Waud, et al., Execu-*

*tors*, 6 B. T. A. 871, and *Ernest M. Bull, Executor*, v. *Commissioner*, 7 B. T. A. 993.

Reviewed by the Board.

> *Judgment will be entered for the respondent.*

ARUNDELL and MORRIS did not participate.