*263 opinion.
ARUIsDell:
We have adopted as our findings of fact all of the agreed statement of facts submitted by the parties except two paragraphs thereof which incorporated by reference the will of Eldridge M. Fowler in its entirety and the lease to the Minnesota Iron Co., •which is referred to in the findings of fact as the consolidated lease. The pertinent parts of the Fowler will are set forth and the provisions of the lease are sufficiently described so that we do not deem it necessary to set out the documents in full.
*264 By the terms of the will of Eldridge M. Fowler two trusts were created, the corpus in each case being one-half of Fowler’s interest in certain mining properties. This petitioner' was the principal beneficiary under one of the trusts (the Kate Fowler Mining Trust), her interest therein being the same as that of Marjorie Fleming Lloyd-Smith in the Marjorie Fleming Mining Trust. The same issues as are here involved were before us in regard to the income of Marjorie Fleming Lloyd-Smith from the trust under which she was a beneficiary, in the case of Marjorie Fleming Lloyd-Smith, 6 B. T. A. 900. In that case, after reviewing at some length decisions of the Board and of various courts, we concluded that the Commissioner had erred in allowing depletion deductions in respect of the income from the trust. The present petitioner, however, apparently feels that we overlooked some of the language used in Irwin v. Gavit, 268 U. S. 161. All that the Gavit case decided was that the amount paid to the taxpayer from a trust fund was income to him, ■ and taxable, and not an exempt bequest. That case does not purport to decide what deductions may be taken in determining the amount of taxable income.
The Court of Claims in the recent case of Mary Roxburghe v. United States, 64 Ct. Cls. 223; 6 Am. Fed. Tax. Rep. 1093, has taken the same position that we took in the Fleming case, supra, and cases therein cited. There the taxpayer was a life beneficiary under a testamentary trust with remainder over, and claimed deductions for depreciation of the real estate embraced in the corpus of the trust. The court, after quoting the definition of allowable depreciation from United States v. Ludey, 214 U. S. 295, observes:
But if tills depreciation be paid over to tlie beneficiary for life, and tbe amount of it be deducted from ber taxable income, of what possible benefit has it been to the estate or to those ultimately succeeding to the capital or corpus of the estate?
The year 1921 is governed by the Revenue Act of 1921, which provides in section 219 (d) for the inclusion in the income of a beneficiary such ajs we have here of “ that part of the income of the estate or trust * * * which, pursuant to the instrument or order governing the distribution is distributable to such beneficiary * * Under this provision there can be no question that the deductions claimed are not allowable.
We accordingly hold that the respondent erred in allowing deductions for depletion.
Holding as we do on the issue raised by the respondent’s answer, the issues as to the method of computation of depletion and the amount allowable therefor do not require decision.
Judgment will be entered on 15 days' notice, under Rule 50.