EVERETT E. KENT, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 39576, 42589, 46064.   Promulgated June 21, 1932.

*Everett E. Kent, Esq.*, pro se.
*C. C. Holmes, Esq.*, for the respondent.

**484**

[redacted]

OPINION.

VAN FOSSAN: The petitioner contends that the amount he received under the will of Herbert A. Wilder was a legacy of a specified sum and as such should be excluded from his income, as provided by section 213 (b) (3) of the Revenue Acts of 1924 and 1926, which reads as follows:

(b) The term " gross income " does not include the following items, which shall be exempt from taxation under this title.

* * * * * * *

(3) The value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income).

The petitioner asserts that the case at bar is governed by the decision of the United States Supreme Court in *Burnet* v. *Whitehouse*, 283 U. S. 148; affirming 38 Fed. (2d) 162, which in turn affirmed our decision in *Ronald De Reuter et al*, 7 B. T. A. 600. In that case the will of James Gordon Bennett created twenty or more annuities, including item " Tenth: I also give and bequeath to the said Sybil Douglas, wife of William Whitehouse, an annuity of Five thousand dollars." It also provided that " all annuities hereby given shall commence at the time of my death and be payable in equal parts half yearly except as hereinafter specifically mentioned " and authorized the establishment of a memorial home as the residuary legatee. The annuity for Mrs. Whitehouse was satisfied from the corpus of the estate prior to November 14, 1920, and afterwards out of income derived therefrom. On December 30, 1920, the executors permanently set aside for the memorial home a large amount of interest-bearing securities " but subject to taxes, annuities and other charges."

The court held that the bequest was a gift not depending upon income, but was a charge upon the whole estate during the life of the annuitant, to be satisfied like any ordinary bequest and payable at all events.

The respondent relies upon *Irvin* v. *Gavit*, 268 U. S. 161, in which the bequest to Gavit was to be paid out of income from a definite fund, and upon *Beatty* v. *Heiner*, 17 Fed. (2d) 743; affd., 276 U. S. 598, in which separate funds were established from which sufficient income would be produced to pay each annuitant. In both cases the funds from which the annuities were paid were ear-marked as income-producing and the annuities were payable only from income of the estate.

We agree with the contention of the petitioner. The only variation between the *Whitehouse* case and the case at bar is in form of language. The Wilder will provided that certain charges against the trust fund and the annuities named should be paid " from the income and so much of the principal of the trust fund as may be needed or required from time to time." In the *Whitehouse* case the source of payments was not specified. This we regard as a distinction without a difference. As held in the *Whitehouse* case, the fundamental factor is that the annuity was a charge upon the corpus of the trust fund, to be paid irrespective of whether the income would be sufficient to meet the charge or a part of the principal would be required to complete the annuity payments.

The provision of the testator that annuity payments should be made first from income and then from the corpus is merely an expression of the normal procedure in the administration of estates, particularly under the requirements of Massachusetts law. See *Ronald De Reuter et al., supra.* It has no broader significance. If he had limited the payment of the petitioner's annuity to the income arising from a definite fund or had confined the payment thereof solely to the income from the estate or trust funds, the principle set forth in *Irvin* v. *Gavit* might be controlling. But in the *Whitehouse* case the Supreme Court said:

*Irvin* v. *Gavit* is not applicable. The bequest to Gavit was to be paid out of income from a definite fund. If that yielded nothing, he got nothing. This court concluded that the gift was of money to be derived from income and to be paid and received as income by the donee. Here the gift did not depend upon income but was a charge upon the whole estate during the life of the legatee to be satisfied like any ordinary bequest.

An attempt is made to strengthen the position of the Commissioner by reference to section 219, Act of 1921, which declares that the tax imposed by sections 210 and 211 shall apply to the income of estates, including " income which is to be distributed to the beneficiaries periodically . . . ." But clearly enough, we think, this section applies only to income paid as such to a beneficiary. And, as above shown, the sums received by Mrs. Whitehouse were not

gifts to be derived from and paid out of income, nor were they received as such by her.

The exemption in section 213 is plain and should not be destroyed by any strained construction of general language found in section 219.

In the Revenue Acts of 1924 and 1926 the corresponding phraseology is found in section 219 (a) (2), which reads as follows:

(a) The tax imposed by Parts I and II of this title shall apply to the income of estates or of any kind of property held in trust, including—

&ast;  &ast;  &ast;  &ast;  &ast;  &ast;  &ast;

(2) Income which is to be distributed currently by the fiduciary to the beneficiaries, and income collected by a guardian of an infant which is to be held or distributed as the court may direct; &ast; &ast; &ast;

For the purposes of the present consideration the word "currently" is similar to the word "periodically."

It is easily conceivable that the income from the trust fund may not at all times be adequate to pay the fixed charges against it, including the annuities. In such an event (which may have been anticipated by the testator) the corpus of the trust fund must be invaded in order that the annuities may not fail. It would not be contended that the annuities so paid would be subject to tax. Thus the fortuitous circumstance that the trustees paid to the petitioner his annuity from funds received as income by the estate is not determinative of the true nature of the bequest. "It would be an anomaly to tax the receipts for one year and exempt them for another simply because the executors paid the first from income received and the second out of the corpus." *Burnet* v. *Whitehouse, supra.* In a case of this character the purpose and intent of the testator must control our decision. *Charles P. Moorman Home for Women* v. *United States,* 42 Fed. (2d) 257. We conclude that it was the intent of Herbert A. Wilder that the annuities should become charges upon his entire estate, including the corpus and the income arising therefrom. It follows that they are not taxable.

Reviewed by the Board.

*Decision will be entered for the petitioner.*

