O. KENNETH HICKMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 103767.   Promulgated August 13, 1941.

*William H. Bronson, Esq.*, for the petitioner.
*J. L. Backstrom, Esq.*, for the respondent.

OPINION.

MURDOCK: The Commissioner determined a deficiency of $140.20 in income tax for the calendar year 1937. The petitioner inherited

certain oil payments and royalties from his father and had his first receipts therefrom during 1937. The question for decision is whether those receipts are tax-free until they equal the value fixed for estate tax on the estate of the father, or whether they are to be included in gross income and deductions allowed for depletion. The Board adopts as its findings of fact the stipulation filed by the parties.

The father of the petitioner died on November 19, 1936. The following table shows an oil payment and royalties inherited by the petitioner from his father, the values at which they were returned for estate tax, and the amount received on each during 1937, the first receipts by the petitioner:

| Description | Value for estate tax | 1937 receipts |
|---|---|---|
| Pritchard oil payment | $5, 833. 99 | $2, 309. 37 |
| Whittaker royalty | 208. 25 | . 27 |
| L. C. Hardin royalty | 250. 00 | 153. 90 |
| Mitchell royalty | 724. 69 | 73. 97 |
| Mrs. C. A. Hardin royalty | 62. 50 | 22. 24 |
| Moore 420 A royalty | 5, 062. 50 | 878. 59 |
| Moore 350 A royalty | 5, 765. 63 | 804. 33 |

The petitioner did not report any part of the 1937 receipts on his return filed in Louisiana. The Commissioner added $1,401.64 to income on account of the royalties and $282.32 on account of the oil payment. He computed those amounts by deducting percentage depletion of 27½ percent from the royalties and cost depletion of 87.775 percent from the oil payment.

The petitioner contends that he is entitled to recover his capital, the value of each interest at the time he acquired it, before he is in receipt of taxable income from that property. The Commissioner argues that the entire receipts are income and the petitioner must recover his basis through deductions for depletion. The Revenue Act of 1936 provides in section 22 (b) (3) that the value of property acquired by inheritance shall not be included in gross income and shall be exempt from taxation, but the income from such property shall be included in gross income. Thus these interests could not have been taxed to the petitioner when he acquired them in 1936, but, in so far as the 1937 receipts are income, they are a part of gross income. The only published opinion directly in point which has come to our attention is that in *Commissioner* v. *Laird*, 91 Fed. (2d) 498, by the court to which this case would go upon appeal. That court held that oil payments were an inheritance of a specified amount of money and were not income when received by the heir until the value at date of acquisition had been recovered, but royalties were income from the inheritance and were a part of the gross

1244

income of the heir. See also *Irwin* v. *Gavit*, 268 U. S. 161, holding that income from a residuary estate was taxable to the recipient, and Paul & Mertens, Law of Federal Income Taxation, sec. 6.03. A purchaser of oil interests is taxable on the later receipts even though he has not recovered his cost through depletion. *T. W. Lee*, 42 B. T. A. 1217; cf. *E. C. Laster*, 43 B. T. A. 159. The Board will follow the decision of the court in the *Laird* case. The case of *Burnet* v. *Logan*, 283 U. S. 404, cited by the petitioner, was considered in the *Laird* opinion.

*Decision will be entered under Rule 50.*