[Civ. No. 11901. First Dist., Div. One. Jan. 27, 1942.]

NACKEY S. MEANLEY, Appellant, v. CHARLES J. McCOLGAN, as Franchise Tax Commissioner, etc., Respondent.

Irve C. Boldman for Appellant.

Earl Warren, Attorney General, and H. H. Linney and Valentine Brookes, Deputies Attorney General, for Respondent.

PETERS, P. J.—Plaintiff brought this action to recover the amount of deficiency assessments of personal income taxes paid by her under protest for the taxable years 1935 and 1936. The defendant Franchise Tax Commissioner filed a general demurrer to the complaint, which was sustained without leave to amend. From the judgment subsequently entered plaintiff prosecutes this appeal.

The amended complaint alleged that Nackie H. Scripps died testate on November 16, 1930; that by her will, duly admitted to probate, certain shares of stock were bequeathed to plaintiff subject to the provision that "the bequests contained in this paragraph are subject to the condition that the legatees taking the same shall pay to my Aunt, Alice J. Scull, during the lifetime of Alice J. Scull the sum of one hundred and fifty dollars per month, payable monthly"; that plaintiff was also named as residuary legatee; that, pursuant to this provision, the stock was duly distributed to plaintiff; that Alice J. Scull, on the date of the testatrix's death, was eighty-three years of age; that the value of the life interest was fixed in the estate at $6,025.14; that the dividends received by plaintiff from the stock bequeathed to her have been far in excess of $150 per month; that plaintiff has paid that sum to the annuitant each month; that for the taxable year 1935 plaintiff received in dividends the sum of $11,265 from the stock and paid the annuitant the sum of $1,800; that for the taxable year 1936 plaintiff received the sum of

$14,400 in dividends from the stock and paid the annuitant the sum of $1,800; that in her income tax reports for those two years plaintiff claimed a deduction for the $1,800 paid each year to the annuitant; that the commissioner refused to allow these deductions; that the tax thereon was paid under protest and this action instituted.

The legal problem involved can be stated as follows: Where property is bequeathed to a legatee on condition that the legatee pay a third person an annuity for life of $1,800 a year, and the terms of the bequest are such that the annuity must be paid whether or not the income of the trust is sufficient to pay the annuity, and the legatee accepts the legacy and pays to the annuitant $1,800 each year, can the legatee deduct that $1,800 from the total income from the legacy in computing her state income tax?

Appellant, in her opening brief, recognizes that the question is not whether the $1,800 should be taxed, but whether it should be taxed to the annuitant or to appellant. It is argued that the $1,800 should be taxed to the annuitant and not to appellant. She states that the Federal Government has permitted her the $1,800 deduction. It is urged that appellant has no beneficial interest in the $1,800 paid to Miss Scull; that appellant is the mere collector or conduit through which the $1,800 passes to Miss Scull; that it is the policy of the act to tax the person having the beneficial interest in the income. Several Board of Tax Appeal cases are cited which undoubtedly contain language which support appellant, but they all appear to be cases where either the annuity was to be paid out of the income of the legacy (in the instant case appellant was required to pay the $1,800 to Miss Scull whether or not the legacy produced that amount of income), or cases where the annuity was based on a contract.

Respondent Franchise Tax Commissioner urges that, where a legatee accepts a legacy which requires her to pay a third person an annuity regardless of whether the legacy produces such income, the total income from the legacy is taxable to the legatee and not to the annuitant. This conclusion follows, according to respondent, from the provisions of section 7(b) of the Personal Income Tax Act, as that section read in 1935 and 1936. The section then provided that: ''The following items shall not be included in gross income and shall be exempt from taxation under this act: . . . (3) The

value of property acquired by gift, bequest, devise, or inheritance (but the income from such property shall be included in gross income)." (Stats. of 1935, page 1090, at page 1094 [Deering's Gen. Laws, 1935 Supp., Act 8494, pages 1968, 1972].) It is urged that identical language in the federal statute from which the above section was copied, has been interpreted to exempt the recipient of the income and to require the tax to be levied on the payor. We agree with these contentions.

In *Burnet* v. *Whitehouse*, 283 U. S. 148 [51 S. Ct. 374, 75 L. Ed. 916], a will directed the executors to pay a fixed annuity to an heir whether there was income from the estate or not. The court held that, although the annuity was actually paid from income, the heir could not be required to pay a tax on the portion received by him because the annuity was a bequest and therefore exempt. The court distinguished its earlier decision in *Irwin* v. *Gavit*, 268 U. S. 161 [45 S. Ct. 475, 69 L. Ed. 897], in which it had been held that income from a trust created by will was taxable to the recipient, on the ground that in that case the heir was to receive income only if income was earned. The Burnet case stands squarely for the proposition that where the annuitant is to receive his payment regardless of whether income is earned, the annuity constitutes a bequest within the meaning of the income tax law, and the payment is not taxable to the annuitant. There is no escape from the conclusion that under the rule of the Burnet case, *supra*, the payment to Miss Scull not being dependent on the devised stock earning income, could not be taxed to her.

The next step was taken by the Supreme Court in *Helvering* v. *Pardee*, 290 U. S. 365, 370 [54 S. Ct. 221, 78 L. Ed. 365]. In that case, by will, trustees were directed to pay an annuity of $50,000 a year to the wife of the testator. The payment of this amount was made a charge on the principal of the estate if the income therefrom was not sufficient. The trustees paid the amount from income and sought to deduct the same from the trust's income tax. The Supreme Court held that the trust could not deduct the income. It was pointed out that such income was not taxable to the annuitant under the rule of the Burnet case, *supra*, and that it must, therefore, be taxable to the trust.

Under the rules of these cases, the payments to Miss Scull

not being dependent upon whether the stock bequeathed to appellant earned income, but being an absolute charge on appellant, the $1,800 paid to Miss Scull cannot be claimed by appellant for the years in question as a deduction. These cases were all decided prior to 1935 when the state income tax law was adopted. ▇ The provisions of our statute applicable to the present problem were copied from the federal statute. Under such circumstances the federal decisions constitute not only argumentative authority, but are conclusive on the proper interpretation of our statute. (*Holmes* v. *McColgan*, 17 Cal. (2d) 426 [110 Pac. (2d) 428]; *Union Oil Associates* v. *Johnson*, 2 Cal. (2d) 727 [43 Pac. (2d) 291, 98 A. L. R. 1499].) It should be pointed out that in 1937 the state act was amended to expressly provide that payments are taxable to the annuitant if they are actually made from income. (Stats. of 1937, page 1831, section 12(d)2 [Deering's Gen. Laws, 1937, Act 8494].) ▇ This amendment is not retroactive, and does not affect the taxable years 1935-1936 here involved.

In her reply brief appellant advances another argument which requires mention. It is urged that if the payments to Miss Scull can be held to be property ''acquired by . . . bequest, devise, or inheritance,'' within the meaning of section 7(b)3 of the Personal Income Tax Act, *supra,* the entire value of that gift was received by her prior to the years here involved. This argument is predicated on the following reasoning: The annuity to Miss Scull was appraised in the estate for inheritance tax purposes at $6,025.14. She was paid at the rate of $1,800 a year. She actually received more than $6,025.14 prior to the effective date of the Income Tax Act in 1935. It is therefore urged that she received the full value of her gift, tax free, before the taxable years here in question. This argument is predicated upon the provisions of section 7(b)2 of the 1935 act. This provision was copied directly from an amendment to the federal act added in 1934. So far as pertinent here, that section provides as follows: ''Amounts received as an annuity under an annuity or endowment contract shall be included in gross income; except that there shall be excluded from gross income the excess of the amount received in the taxable year over an amount equal to 3 per centum of the aggregate premiums or consideration paid for such annuity (whether or not paid during such

year), until the aggregate amount excluded from gross income under this act in respect of such annuity increased by the amount which would have been excluded from gross income in respect of such annuity had this act been in effect continuously from and after the date at which payments under such annuity were first received equals the aggregate premiums or consideration paid for such annuity.''

Under this section the annuitant receives the capital value of his annuity, tax free, but is taxable on the income thereof, arbitrarily fixed at 3 per cent. The payor of the annuity is taxable on the balance as on a capital investment. But when the capital value of the annuity has been paid to the annuitant, the entire amount of each payment is thereafter taxable to the annuitant.

The complete answer to appellant's arguments predicated on this section is that the section has no application to annuities created by will, but applies, by its very terms, only to purchased contractual annuities. As will be observed, the section above-quoted provides that: "Amounts received as an annuity *under an annuity or endowment contract*" (italics added) shall be included in gross income as therein provided. The section refers to the "aggregate premiums or consideration paid for such annuity." By its very terms, the section clearly demonstrates that it was intended to apply only to annuities arising under contracts. The provision, as clearly demonstrated by the Report of the Federal Ways and Means Committee in 1934, was intended to reach a specific abuse, namely, the large scale investment of assets in annuities which were not taxed under pre-existing law until the purchase price was fully recovered. The section has no application to annuities created by will, where such abuse obviously could not exist. This is clearly established by such decisions as *Irwin* v. *Gavit, supra; Burnet* v. *Whitehouse, supra;* see, also, *Helvering* v. *Butterworth,* 290 U. S. 365 [54 S. Ct. 221, 78 L. Ed. 365] ; *Helvering* v. *Schaupp,* 71 Fed. (2d) 736; *Commissioner of Internal Revenue* v. *Widener,* 33 Fed. (2d) 833; *Codman* v. *Commissioner of Internal Reenue,* 50 Fed. (2d) 763.

The judgment appealed from is affirmed.

Knight, J., and Ward, J., concurred.