FRANK R. MALLOY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

EVELYN MALLOY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 6906, 6907. Promulgated November 27, 1945.

*H. E. Kleinecke, Jr., Esq.,* for the petitioners.
*D. Louis Bergeron, Esq.,* for the respondent.

1114

OPINION.

ARUNDELL, *Judge*: On behalf of the petitioners it is contended, pursuant to an issue raised in the pleadings, that the sums paid to Catherine Malloy in accordance with the terms of her deceased husband's will did not constitute income to the petitioners. Respondent's prin-

cipal argument is that the sums are not deductible as ordinary and necessary business expenses. We need not decide, however, whether technically the sums constitute proper deductions for ordinary and necessary business expenses because, if petitioners are right in their contention that the sums are not income to them, then of course the amounts should be excluded from their gross income in determining their tax liability.

Frank P. Malloy, by his will, gave and bequeathed to his wife "the sum of $250.00 per month to be paid her by [his] * * * son, Frank R. Malloy, out of one-half of the net earnings of the partnership firm." The money was to be paid her for life if she remained unmarried. It was provided, however, that if one-half of the net earnings of the firm did not amount to $250 per month, then only one-half of the net earnings should be paid to the wife, but the sums were to be cumulative and paid out of one-half of the net earnings if and when made. She elected to take under the will and made no claim, to any of the property under the community property laws. The will provided that all of decedent's interest in the partnership not disposed of to his wife should go to his son.

The respondent's theory is that the payments to the widow of Frank P. Malloy were capital expenditures made by petitioners to acquire the testator's interest in the partnership. In cases where surviving partners have acquired a deceased partner's interest in the partnership pursuant to contract, in consideration for the payment to his widow of stipulated periodical sums, it has been held that such payments constitute capital expenditures which are neither deductible by the surviving partner nor excludible from the distributive share of partnership income. *Autenreith* v. *Commissioner*, 115 Fed. (2d) 856; *Edwards* v. *Commissioner*, 109 Fed. (2d) 757; and *Scott* v. *Commissioner*, 29 Fed. (2d) 472. These are the cases upon which respondent relies.

In another case the taxpayers were devisees of certain real property, which included a hotel. The testator in his will bequeathed annuities to his widow and his daughter and provided that the annuities should be a charge upon the property devised to the taxpayers. The taxpayers formed a partnership to operate the hotel. Under the law of the jurisdiction the taxpayers, having taken the property charged with the annuities, became personally liable for the payments without any relation to the income of the property. It was held that the payments were not deductible from partnership income because they were made by the partnership in discharge of the personal obligations of the partners. *Commissioner* v. *Smiley*, 86 Fed. (2d) 658.

Petitioners rely upon *James M. Hutchinson*, 11 B. T. A. 789, and *Julian L. Hamerslag*, 15 B. T. A. 96, in each of which the taxpayers inherited a going business from their father, subject to the payment

of certain sums to their sister or sisters under the terms of the testator's will. In the one case the sums were to be "taken out of the business" and in the other they were payable "out of the revenue of said business." We held in *Hutchinson* that the portion of the profits paid to the sister under the terms of the will did not constitute taxable income to the taxpayers, and in *Hamerslag* that the payment to the sister was a fixed charge upon the business and its revenues and was deductible from partnership income in determining the distributive shares taxable to the partners.

In the instant case the testator's gift of $250 per month to his widow was definitely dependent upon the income from his share in the business. It was payable only out of one-half the net income, and in the event one-half the net income did not amount to $250 in any month, the payment was to be reduced accordingly. At his death he owned a half interest in the business, worth approximately $34,000. That capital was a material income-producing factor in the business, and the payment of $3,000 to his widow in any year was not an unreasonable return on the investment.

In no proper sense can it be said that these payments were capital expenditures made by the petitioners to acquire Frank P. Malloy's interest in the business. Petitioner Frank R. Malloy acquired the interest not by purchase, but by bequest, and he took only what the testator's will gave him. The payments to the widow were not the personal obligations of the petitioners. They were but a conduit or at best agents for the payment to the widow of the bequest to her. If the testator chose to give his son something less than all his interest in the business and to give his wife a part of it, that was his privilege. In effect, that is what he did. The bequest to testator's wife and the income from his share of the partnership property were completely interdependent. In substance, the bequest was a portion of the net income from that particular property, which, in equity, would ordinarily be treated as giving her an interest—a sort of life estate—in the property itself. See *Irwin* v. *Gavit*, 268 U. S. 161; cf. *Commissioner* v. *Terry*, 69 Fed. (2d) 969.

We conclude that the payments to the testator's widow constituted income to her growing out of her interest in the business, and that they were not income to the petitioners. The sums of $2,500 in 1940 and '$3,000 in 1941 which were paid to and reported as gross income by Catherine Malloy in her individual returns are therefore to be excluded from the gross income of petitioners in computing their tax liability.

*Decisions will be entered under Rule 50.*