**Doris B. HARTE and Stanley J. Harte, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 130, Docket 24774.**

United States Court of Appeals Second Circuit.

Argued Dec. 9, 1957.

Decided Jan. 27, 1958.

Harte & Natanson, New York City (George Natanson, New York City, of counsel), for plaintiffs-appellants.

Paul W. Williams, U. S. Atty., S. D. N. Y., New York City (Amos J. Peaslee, Jr., Asst. U. S. Atty., New York City, Elliot L. Hoffman, Asst. U. S. Atty., Forest Hills, N. Y., of counsel), for defendant-appellee.

Before MEDINA, LUMBARD and WATERMAN, Circuit Judges.

WATERMAN, Circuit Judge.

The question for decision is whether payments received by the taxpayer under an agreement settling a will contest are taxable as income, or whether they are exempt as property acquired by inheritance. During the years 1946 through 1951 the payments in question were duly reported in the income tax returns of the taxpayers but were not included in the computation of taxable income.[1] The Commissioner determined that the payments were subject to tax. He assessed a deficiency which was paid under protest. An action was thereupon commenced in the District Court to recover the amounts so paid. Both the plaintiffs and the Commissioner moved for summary judgment. The Commissioner's motion was granted and the plaintiffs' was denied. This appeal followed.

Samuel Braunstein died testate in 1928 leaving an estate valued in excess of $3,000,000.00. Although the appellant

---

[1] In 1946 and 1947 the recipient of the payments, Doris B. Harte, filed individual returns. During the years 1948 through 1951 she and her husband filed joint returns. Both are parties to the present action.

Doris Harte,[2] his granddaughter, was his only living descendant, the sole provision made for her in Braunstein's will was the creation of a $5,000.00 trust fund for her benefit. When the will was offered for probate, appellant's mother, acting as appellant's guardian, filed objections thereto which the New Jersey Orphans' Court held to be based upon reasonable grounds. The ruling was subsequently affirmed by the Court of Errors and Appeals of New Jersey. Thereupon, efforts were made by the appellant acting through her guardian, and by the other legatees under the Braunstein will, to negotiate a settlement of the will contest. These legatees were the beneficiaries of another trust created by the will, the corpus of which consisted of 390 shares of stock of the Boardwalk Realty Company. Some years later an agreement was finally concluded which directed the executors and trustees named in the will to hold in trust for the benefit of the appellant all this Boardwalk stock and also $92,690.00 in cash, representing dividends which had been paid on the Boardwalk stock during the intervening years after the testator's death. The agreement further provided that the trustee was to pay appellant in settlement of her claims payments of $208.33 a month for the remainder of her life. These payments have been regularly made and have been paid from dividends accruing upon the Boardwalk stock. The sole issue on this appeal is whether payments so received are taxable as income.

Section 22(b) (3) of the Internal Revenue Code of 1939, 26 U.S.C. § 22(b) (3),[3] excludes from gross income "The value of property acquired by * * * bequest * * * or inheritance" but includes therein, "in case the * * * bequest * * * or inheritance is of income from property, the amount of such income." Of course, the payments received by appellant were not received by bequest of Samuel Braunstein under his will, or by distribution under the laws of intestacy. However, since Lyeth v. Hoey, 1938, 305 U.S. 188, 59 S.Ct. 155, 83 L.Ed. 119, money received by an heir in settlement of a will contest is to be treated as if it were acquired by inheritance. See Helvering v. Safe Deposit & Trust Co., 1942, 316 U.S. 56, 64, 62 S.Ct. 925, 86 L.Ed. 1266. Therefore, determination of whether these monthly payments, totaling $2500.00 annually, were properly subjected to income taxation depends upon whether, under the settlement agreement, the payments were to be made from property, or from income from property. It is undisputed that the monthly payments to appellant thus far have been made from the dividends received by the trustee on the Boardwalk stock. Therefore the Commissioner urges that under the last sentence of § 22(b) (3) the payments in issue here were taxable in any event, irrespective of any claims that the settlement agreement intended that these monthly payments were to have been paid out of corpus. Under our view of the case it

2. "Appellant" as used hereafter only refers to Doris Harte, née Doris Braunstein.

3. Section 22(b) (3) of the Internal Revenue Code of 1939, as amended by Section 111(a) of the Act of October 21, 1942 (56 Stat. 798) provides as follows [26 U.S.C.A. § 22(b) (3)]:
"(b) Exclusions from gross income. The following items shall not be included in gross income and shall be exempt from taxation under this chapter: * * *
"(3) Gifts, bequests, devises and inheritances. The value of property acquired by gift, bequest, devise or in-
heritance. There shall not be excluded from gross income under this paragraph, the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income. For the purposes of this paragraph, if under the terms of the gift, bequest, devise, or inheritance, payment, crediting, or distribution thereof is to be made at intervals, to the extent that it is paid or credited or to be distributed out of income from property, it shall be considered a gift, bequest, devise or inheritance of income from property."

is unnecessary to pass upon this argument.

· The taxpayers earnestly contend that the settlement agreement directs the trustee to make the monthly payments out of the corpus of the trust,—that is, the Boardwalk stock and the $92,690.00 in dividends that had accumulated thereon prior to the date of the agreement,—and permits use of the dividends for that purpose only insofar as the corpus is insufficient. In our opinion such a construction of the contract is untenable. The entire agreement reflects an understanding that the primary interest of the appellant in the trust fund is in the income arising therefrom. Thus, paragraph 2 of the portion of the agreement entitled "The Beneficiaries Agree" authorizes sale of the Boardwalk stock if the Trustee retains in its possession "a sum in cash which, if invested in United States Government securities, will produce an income * * * of Two Thousand Five Hundred Dollars ($2,500) per annum. * * *" The same paragraph provides that at any time when there is an equivalent amount in the hands of the trustee the Boardwalk stock shall "at the sole discretion of the Beneficiaries * * revert back to the Beneficiaries free of the obligation to the Contestant [appellant]. * * *" The appellant, in support of her position, relies upon language in the agreement authorizing use of the dividends for the monthly payments "insofar as may be necessary" or "as may be necessary" or "to the extent necessary." She contends that this language indicates that dividends were to be used as a source for the monthly payments only if the corpus proved to be insufficient. A far more reasonable construction of this language is that it expresses the limited interest of the appellant in the dividends. Thus, in the same paragraph from which we have quoted above, the Beneficiaries authorize the trustee "to set aside so much of the dividends received after October 1, 1934 for the benefit of the contestant *as may be necessary to make the payment* [4] of said

sums [the monthly payments]." The balance of the dividends are to be paid to the beneficiaries according to their respective interests under the will.

 We conclude that the monthly payments made to appellant were derived from "income from property." Accordingly, they were properly included in gross income. Cf. Irwin v. Gavit, 1925, 268 U.S. 161, 45 S.Ct. 475, 69 L.Ed. 897.

Affirmed.