APPEAL OF ERNEST P. WAUD AND THE NORTHERN TRUST CO., EXECUTORS, ESTATE OF GEORGE F. GRIFFIN.

Docket No. 5612. Promulgated April 16, 1927.

Where under the will of a decedent the income of a trust fund is payable to a designated beneficiary for a period of years, or in the event of the death of such beneficiary is payable to his estate, and such beneficiary dies, *held*, that the annual income from the trust fund is taxable as income to the estate of such deceased beneficiary.

*Raymond M. Ashcraft, Esq.*, for the petitioners.
*Arthur H. Murray, Esq.*, for the Commissioner.

This matter comes before the Board upon an appeal by the executors of the estate of George F. Griffin, deceased, late of Chicago, Ill., from the proposed assessment by the Commissioner against the estate of an additional income tax of $4,869.84, for the period from May 4, 1920, the day following decedent's death, to December 31, 1920.  The executors allege that the Commissioner erred in determining the income of this estate by including in the gross income

subject to tax $29,451.80 representing dividends on capital stock distributable during the taxable period to this estate from the trustees of the estate of Thomas A. Griffin. The facts are stipulated.

### FINDINGS OF FACT.

The petitioners are the executors of the estate of George F. Griffin, deceased, late of Chicago, Ill., and have their principal office at 50 South LaSalle Street, Chicago.

Thomas A. Griffin, father of George F. Griffin, died August 12, 1914, a resident of Massachusetts, leaving a will which was admitted to probate in the Probate Court of Suffolk County, Massachusetts, and leaving his daughter, Marie G. Dennett, and his son, George F. Griffin, the decedent in this case, surviving him. The wife of Thomas A. Griffin did not survive him. The will of Thomas A. Griffin provided that all of his stock in the Griffin Wheel Co. should be held by the trustees named therein for a period of ten years from the date of his death, during which time the net income derived therefrom or from the proceeds thereof should be paid in equal shares to the said son and daughter. The will directed that at the end of the ten-year period one-half of the trust estate should be divided in equal shares between the said son and daughter, and the remaining one-half continued in trust for the grandchildren of Thomas A. Griffin.

The will of Thomas A. Griffin further provided that in the event of the death of either of the said children of Thomas A. Griffin, the issue of such child should take the share of the trust estate and of the income therefrom to which the deceased child would have been entitled if living, with a remainder over in each case to the other child in the event of the death of either child without issue.

After the death of Thomas A. Griffin, his daughter, Marie Dennett, his son, George F. Griffin, and the trustees of the estate of Thomas A. Griffin entered into a compromise agreement, modifying certain provisions of the will. It was provided in the agreement that in the event of the death of either the said Marie Dennett or George F. Griffin, during the ten-year period following the death of Thomas A. Griffin, the share of the income to which the one so dying would have been entitled during the remainder of the term of ten years, should be taken by the estate of that one, rather than the issue, as provided in the will. The compromise agreement was subsequently approved by the decree of the Supreme Judicial Court of Massachusetts.

George F. Griffin, son of the said Thomas A. Griffin, was a resident of Chicago and died on May 3, 1920.

George F. Griffin until his death received one-half of the net income of the trust estate created under his father's will. Since the

death of George F. Griffin, and until August 12, 1924, the end of the ten-year period, his estate has received his portion of such net income in accordance with the will of Thomas A. Griffin, as modified. The present value of the right of the estate of George F. Griffin to the income from the Thomas A. Griffin trust from May 3, 1920, the date of his death, to August 12, 1924, was determined as of the date of his death and included in his gross estate for purposes of the Federal estate tax. The value placed on this item in the estate-tax return was $554,723.42.

The income distributable to the estate of George F. Griffin from the trustees of the estate of Thomas A. Griffin, according to the terms of the will of Thomas A. Griffin as modified by the compromise agreement, from May 3, 1920, to the end of that year, is the basis for the deficiency assessment in this case.

The executors of the estate of George F. Griffin, in their income-tax return for the period from May 4 to December 31, 1920, noted the fact that the estate had distributable funds from the estate of Thomas A. Griffin during the period, but stated that these funds were not included in the gross income of the estate of George F. Griffin subject to tax because they were advised that the funds in question represented *corpus* or capital of the estate and not income. The amount of distributable income to the estate of George F. Griffin from the estate of Thomas A. Griffin during the period from May 4, to December 31, 1920, and represented by dividends on capital stock, was $29,451.80; the remainder was exempt from tax, as determined by the Commissioner. The Commissioner on auditing the return of the estate of George F. Griffin has included in its gross income the portion of such distributable income from the estate of Thomas A. Griffin represented by dividends on capital stock. Whether or not this fund should be treated as income, or part principal and part income, is the only question involved in this proceeding.

In a proceeding brought by the executors and trustees of the estate of George F. Griffin a decree was entered by the Superior Court, Cook County, Illinois, on February 10, 1925, in which the court found and determined that as between those persons entitled to the income in the George F. Griffin estate and those persons eventually entitled to the principal thereof; each payment received by the estate of George F. Griffin from the trustees of the estate of Thomas A Griffin during the remainder of the said ten-year period represented both principal and income to the estate of George F. Griffin, and that the present worth as of the date of the death of George F. Griffin, of each payment to be received, represented principal and that the portion of such payment in excess of such present worth represented income, and the executors and trustees were di-

rected to account accordingly to the beneficiaries of the estate of George F. Griffin, for the payments so received.

PHILLIPS: Although an attempt has been made to distinguish the situation here from that passed upon by the Supreme Court in *Irwin* v. *Gavit*, 268 U. S. 161; 45 Sup. Ct. 475; 5 Am. Fed. Tax Rep. 5380, we fail to see any legal distinction which would take this case from under the reasoning of that decision.

The court advanced two grounds for its decision in that case. As to the first of these it said:

> We think that the provision of the act that exempts bequests assumes the gift of a corpus and contrasts it with the income arising from it, but was not intended to exempt income properly so called simply because of a severance between it and the principal fund. * * * The money was income in the hands of the trustees and we know of nothing in the law that prevented its being paid and received as income by the donee.

This reasoning has the same weight here as it had there. Later in its opinion the court, in what appears to be the second line of reasoning followed in reaching its conclusion, said:

> A gift of the income of a fund ordinarily is treated by equity as creating an interest in the fund. Apart from technicalities we can perceive no distinction relevant to the question before us between a gift of the fund for life and a gift of the income from it. The fund is appropriated to the production of the same result whichever form the gift takes.

Here the comparison is to an estate for years rather than for life, but otherwise no apparent distinction may be drawn.

It is suggested in effect that at the time of his death the decedent was vested with an estate for years, that his estate acquired it from him by devise or bequest, and that here the principal of the bequest was another bequest, the realization of the whole of which it is sought to tax as income. However, it would appear from the stipulated facts that the property came to the estate of George F. Griffin by virtue of a trust created by the will of Thomas A. Griffin, as modified by an agreement between the beneficiaries and the trustees. The interest of George F. Griffin in the fund ceased with his death and the interest of his estate then arose pursuant to the previous agreement and not under any gift, devise or bequest of his. That which the estate took never had been the property of the decedent, if we correctly interpret the stipulation. Under the agreement his rights ceased with his death and the rights of the next beneficiary of the agreement, his estate, came into fruition under the agreement but through no bequest of his. The income which it is sought to tax being, therefore, received by the estate as a beneficiary of the trust created by Thomas A. Griffin, the estate here involved is in no different position than was the beneficiary in the case of *Irwin* v. *Gavit*, *supra*.

It is contended that because the right to receive these dividends was valued and taxed as a part of the gross estate of the decedent, such value can not be taxed as income. But, referring to the reasoning of the Supreme Court in *Irwin* v. *Gavit, supra*, it would appear that the situation is to be treated as though the taxpayer had received an estate for years in certain property. The estate may have a present value, but the income produced by the property is nevertheless income and taxable as such. In legal contemplation the taxpayer's right was to receive the accretions to a principal fund and under the constitution and taxing acts these are held to be income. *Irwin* v. *Gavit, supra; Heiner* v. *Beatty*, 17 Fed. (2d) 743.

The fact that the state court has decided that a part of this income is distributable to those entitled to the corpus of the estate and a part to those entitled to the income of the estate, can not affect the question whether such amounts are income to the estate during the period of administration. The situation is similar to that which arises with respect to profits from the sale of assets of the estate, but since the decision of the Supreme Court in *Merchants Loan & Trust Co.* v. *Smietanka*, 255 U. S. 509; 41 Sup. Ct. 386; 3 Am. Fed. Tax Rep. 3102, there is no ground for the contention that such gains are not taxable, although they may, for distribution in the state court, constitute a part of the corpus.

*Decision will be entered for the Commissioner.*