*874 OPINION.
Phillips :
Although an attempt has been made to distinguish the situation here from that passed upon by the Supreme Court in Irwin v. Gavit, 268 U. S. 161; 45 Sup. Ct. 475; 5 Am. Fed. Tax Rep. 5380, we fail to see any legal distinction which would take this case from under the reasoning of that decision.
The court advanced two grounds for its decision in that case. As to the first of these it said:
We think that the provision of the act that exempts bequests assumes the gift of a corpus and contrasts it with the income arising from it, but was not intended to exempt income properly so called simply because of a. severance between it and the principal fund. * * * The money was income in the hands of the trustees and we know of nothing in the law that prevented its being paid and received as income by the donee.
This reasoning has the same weight here as it had there. Later in its opinion the court, in what appears to be the second line of reasoning followed in reaching its conclusion, said:
A gift of the income of a fund ordinarily is treated by equity as creating an interest in the fund. Apart from technicalities we can perceive no distinction relevant to the question before us between a gift of the fund for life and a gift of the income from it. The fund is appropriated to the production of the same result whichever form the gift takes.
Here the comparison is to an estate for years rather than for life, but otherwise no apparent distinction may be drawn.
It' is suggested in effect that at the time of his death the decedent was vested with an estate for years, that his estate acquired it from him by devise or bequest, and that here the principal of the bequest was another bequest, the realization of the whole of which it is sought to tax as income. However, it would appear from the stipulated facts that the property came to the estate of George F. Griffin by virtue of a trust created by the will of Thomas A. Griffin, as modified by an agreement between the beneficiaries and the trustees. The interest of George F. Griffin in the fund ceased with his death and the interest of his estate then arose pursuant to the previous agreement and not under any gift, devise or bequest of his. That which the estate took never had been the property of the decedent, if we correctly interpret the stipulation. Under the agreement his rights • ceased with his death and the rights of the next beneficiary of the agreement, his estate, came into fruition under the agreement but through no bequest of his. The income which it is sought to tax being, therefore, received by the estate as a beneficiary of the trust created by Thomas A. Griffin, the estate here involved is in no different position than was the beneficiary in the case of Irwin v. Gavit, supra.
*875 It is contended that because the right to receive these dividends was valued and taxed as a part of the gross estate of the decedent, such value can not be taxed as income. But, referring to the reasoning of the Supreme Court in Irwin v. Gavit, supra, it would appear that the situation is to be treated as though the taxpayer had received an estate for years in certain property. The estate may have a present value, but the income produced by the property is nevertheless income and taxable as such. In legal contemplation the taxpayer’s right was to receive the accretions to a principal fund and under the constitution and taxing acts these are held to be income. Irwin v. Gavit, supra; Heiner v. Beatty, 17 Fed. (2d) 743.
The fact that the state court has decided that a part of this income is distributable to those entitled to the corpus of the estate and a part to those entitled to the income of the estate, can not affect the question whether such amounts are income to the estate during the period of administration. The situation is similar to that which arises with respect to profits from the sale of assets of the estate, but since the decision of the Supreme Court in Merchants Loan & Trust Co. v. Smietanka, 255 U. S. 509; 41 Sup. Ct. 386; 3 Am. Fed. Tax Rep. 3102, there is no ground for the contention that such gains are not taxable, although they may, for distribution in the state court, constitute a part of the corpus.

Decision will he entered for the Gomnmssioner.