## WAUD et al. v. UNITED STATES.
### K–502.

Court of Claims.
April 6, 1931.

H. Stanley Hinrichs, of Washington, D. C. (Frank S. Bright, of Washington, D. C., Raymond M. Ashcraft and Ashcraft & Ashcraft, all of Chicago, Ill., and Bright, Thompson, Hinrichs & Warren, of Washington, D. C., on the brief), for plaintiffs.

J. W. Sheppard, of Washington, D. C., and Charles B. Rugg, Asst. Atty. Gen. (Percia E. Miller, of Washington, D. C., on the brief), for the United States.

Before BOOTH, Chief Justice, and GREEN, WHALEY, WILLIAMS, and LITTLETON, Judges.

GREEN, Judge.

Plaintiffs bring this suit as executors of the estate of George F. Griffin, deceased, to recover the sum of $5,242.28, with interest, paid as federal income tax for the period of May 4, 1920, to December 31, 1920. The facts have been stipulated, and the issue in the case is whether certain sums paid to the executors as income from a trust created by the decedent's father were taxable as income against decedent's estate.

The findings of fact show that the decedent, in his lifetime, under the will of his father and an agreement with other heirs, received one-half of the net income of the trust estate created under his father's will, until his death, and thereafter his estate received this income until the expiration of a certain period. The Commissioner determined the value of the right to receive this income from the time of the death of the decedent, George F. Griffin, to the end of the period for which it was to be received, included this value as a part of the gross estate of the decedent, and assessed the estate tax accordingly. When the plaintiffs filed a federal income tax return, as executors, for the period of May 4, 1920, to December 31, 1920, they did not include this income from the trust as a part of the income of the estate, but the Commissioner, upon an audit of the return, did so include it, and assessed a deficiency by reason thereof. The plaintiffs paid this additional assessment with interest, and duly filed an application for refund on the ground that the income so received was not taxable as income to the estate of which they were executors. The application for refund having been rejected by the Commissioner, this suit was brought.

The contention of the plaintiffs is, in brief, that the property which was so taxed by the Commissioner of Internal Revenue became, by virtue of the bequest of his father, and was, a part of the corpus of the estate of George F. Griffin, deceased; that it had been taxed as such under the estate tax provision; that, being a part of the corpus or principal of the estate, it was not income within the meaning of the Revenue Act of 1918; and that the action of the Commissioner resulted in double taxation, which Congress did not intend.

We are unable to agree that the property taxed became a part of the corpus of the estate by virtue of the bequest except in the sense that all receipts by an estate eventually become a part thereof. Nor do we think there was any double taxation. In this case, the estate tax and the income tax were levied upon two different things and under two different principles. The estate tax was levied as a transfer tax, and in this case is measured by the value of the right to receive certain property, while the income tax was levied and assessed upon the gain derived from other property. The federal estate tax is an indirect tax and not a direct tax upon property. It is merely a tax upon the privilege of transferring property. Whether the same transaction may give rise to the levy and assessment of another tax is not at all material, and does not at all affect the question of whether an income tax may be collected under the circumstances of the case at bar.

446

It is quite true that a gift or bequest of capital assets, even if payable in installments, or consisting of interest due at a future date, or other items of that nature, does not constitute income. The cases cited by counsel for plaintiffs are mostly of this nature, and are therefore not applicable herein. In the instant case, the bequest was of the right to receive this income, and, when the income was paid, it still remained income. The precise question involved in this case was determined in Irwin v. Gavit, 268 U. S. 161, 45 S. Ct. 475, 69 L. Ed. 897, wherein it is held in effect that the beneficiary for life, or for a term of years, of the income of a trust estate created by will, is taxable on that income as such. Practically the same objections were raised therein to the taxation of the income from the trust as income to the estate as are made in the case now being considered, and these objections were held to be unfounded.

The Board of Tax Appeals in the case of Ernest P. Waud et al., Executors, 6 B. T. A. 871, has held that the income here involved was subject to income tax upon the authority of Irwin v. Gavit, supra; and also held in the case of Bull, Executor, v. Commissioner of Internal Revenue, 7 B. T. A. 993, that a tax in one form may be imposed on the present value of the right of expectancy and a tax in another form imposed upon the income when derived. In the case of Widener v. Commissioner of Internal Revenue, 8 B. T. A. 651, the Board of Tax Appeals sustained the position taken by the government in the case now before the court. We concur in the reasoning of the Board of Tax Appeals in the cases cited above.

We have examined with care the other cases cited by plaintiffs in support of their position, but find that they are based on facts so much different from those of the case at bar that, in our opinion, they have no bearing thereon.

It follows that the petition of plaintiffs must be dismissed. It is so ordered.