ROBERT J. KLEBERG, CAESAR KLEBERG AND RICHARD KING, EXECUTORS OF THE ESTATE OF HENRIETTA M. KING, DECEASED, PETITIONERS, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 52632.   Promulgated August 15, 1934.

*Leroy G. Denman, Esq.*, for the petitioners.
*John H. Pigg, Esq.*, for the respondent.

96

**OPINION.**

MATTHEWS: The income tax deficiency involved is $22,375.31 for the year 1926. The petitioners also claim an overpayment of $11,364 for the same year.

The sole matter in controversy is the deductibility in 1926 as a statutory net loss, under section 206 (a) (1), (b), and (g) of the Revenue Act of 1926, of $155,820.68 claimed by petitioners to have

been sustained in 1925. Whether there was such a net loss depends in turn upon the deductibility from petitioners' gross income for 1925 of items in the aggregate of $244,574.69, representing cost of ranch operations during this taxable period, from decedent's death on March 31, 1925, to December 31, 1925. No question is made by the respondent as to these expenditures being "ordinary and necessary expenses" under section 214 (a) (1), and, from the facts stipulated as to their character, we have made the finding that they were ordinary and necessary expenses. As such they were properly deductible from petitioners' income for 1925 unless they should be disallowed under the respondent's contention.

Respondent contends that the petitioners did not sustain a statutory net loss for the year 1925, for the reason (a) that the items of expenses upon the basis of which the claimed loss is predicated have been properly allowed by the Commissioner as deductions from the petitioners' gross estate in computing estate tax liability, and (b) that the estate elected to claim and to receive the benefit and advantages flowing from the allowance of the expenses as deductions from its gross estate for estate tax purposes and is, therefore, estopped to deny that it made such election.

The petitioners contend (1) that, disregarding the relationship of the items to the estate tax return, they are deductible in the income tax return; (2) that, even if the items were allowed in computing the Federal estate tax, they are, nevertheless, deductible in computing income tax, and (3) that the facts in reference to the handling of the items in the estate tax return were not such as to estop taxpayer from deducting them in computing income tax.

Petitioners also contend that the items were not allowed in the estate tax return. From a careful examination of all of the documents submitted in evidence and of the facts stipulated, we are of the opinion and have so found that the items were allowed as a deduction in determining the amount of the deficiency in estate tax which was finally agreed upon.

The facts do not support respondent's contention that petitioners "elected" to take these expenses as estate tax deductions rather than as income tax deductions. Petitioners filed their original income tax return for the period April 1 to December 31, 1925, on March 13, 1926, in which the disputed items of expenses were claimed as deductions. They were also claimed in the amended income tax return filed on March 15, 1927. The original estate tax return was not filed until April 27, 1926. As the income tax deductions in controversy were originally claimed prior to the estate tax deductions, and simultaneously with the latter, through succeeding years, there is nothing upon which to rest an "election" by petitioners in favor of the estate tax deductions. Cf. *Tide Water Oil Co.*, 29 B.T.A. 1208.

It is not necessary to a decision of the issue before us to determine whether the amounts in question were properly allowed as "Miscellaneous Administration Expenses" in computing the Federal estate tax liability. Assuming that such amounts were properly allowed as deductions in computing estate tax, whether they are deductible in computing income tax is determined by the provisions of the statute imposing the income tax.

The estate tax and the income tax are different in kind and wholly disparate in their incidence. *Darcy* v. *Commissioner*, 66 Fed. (2d) 581; *Ernest P. Waud et al., Executors*, 6 B.T.A. 871; *Waud* v. *United States*, 48 Fed. (2d) 444; *Ernest M. Bull, Executor*, 7 B.T.A. 993; *George E. Widener*, 8 B.T.A. 651; *Fannie E. Lang*, 23 B.T.A. 854; affd., 61 Fed. (2d) 280; ·289 U.S. 109; *Helen G. Carpenter*, 27 B.T.A. 282.

The estate tax is an excise tax on the transfer of property occasioned by death. The measure of the tax is the net estate of the decedent, which is the value of the gross estate less certain statutory deductions. Only the property owned by decedent at the time of his death is included in gross estate, while some of the deductions allowed are for claims and expenses arising after death. Whether such expenses should be allowed conditionally or unconditionally, or whether any deductions should be allowed, was wholly within the discretion of Congress.

The income tax is an annual tax imposed upon the net income received by the taxpayer in the taxable year. Net income is gross income less deductions. While Congress cannot by legislative fiat make something income which is not income, it is a matter wholly within the discretion of Congress as to what deductions shall be allowed in computing the net income subject to tax, and whether such deductions shall be granted conditionally or unconditionally. *Commissioner* v. *Independent Life Ins. Co.*, 292 U.S. 758.

Deductions allowable in computing the estate tax are determined under the provisions of the statute imposing an estate tax. Deductions allowable in computing income tax are determined under the provisions of the statute imposing the income tax. If an item is properly deductible under some provision of the estate tax law in determining the net estate subject to the tax, and the same item is also deductible under a provision of the income tax law in determining the net income of the estate subject to income tax, that fact does not militate against the allowance in either levy.

Under the provisions of section 219 (a) (3) of the Revenue Act of 1926 the income received by estates of deceased persons during the period of administration or settlement of the estate is subject to income tax. Paragraph (b) of the same section provides that the

tax shall be computed upon the net income of the estate and shall be paid by the fiduciary, and that such net income shall be computed in the same manner and on the same basis as provided in section 212. Under the provisions of section 212 the term "net income" means the gross income as defined in section 213, less the deductions allowed by sections 214 and 206.

Section 214 provides that "In computing net income there shall be allowed as deductions: (1) All the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business * * *." This deduction is an unconditional allowance of all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business.

The executors carried on the ranching business of the estate from the date of decedent's death through the period here involved and subsequent thereto. In carrying on such business, expenses were necessarily incurred. In 1925 the gross income derived during the period April 1 to December 31 was over $400,000. Among the ordinary and necessary expenses incurred in earning this income were the items here in issue in the total sum of $244,574.69. Such amount is, therefore, deductible in determining the net income subject to tax. Since the deduction of these amounts resulted in a net loss, as defined in section 206, such net loss is deductible in computing net income for 1926.

*Judgment will be entered under Rule 50.*