JOSÉ T. DÍAZ DANUZ, Plaintiff and Appellee, *v.* SECRETARY OF THE TREASURY, Defendant and Appellant.

No. R-64-124.    Decided December 23, 1964.

*J. B. Fernández Badillo, Solicitor General,* and *J. F. Rodríguez Rivera, Assistant Solicitor General,* for appellant. *Raúl Matos* for appellee.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

Mr. Justice Dávila delivered the opinion of the Court.

Section 22 (b) (3) of the 1954 Income Tax Act—13 L.P.R.A. § 3022 (b) (3)—provides that there shall not be included in gross income and shall be exempt from taxation "the value of the property acquired by gift, bequest, devise or inheritance. There shall not be excluded from gross income under this paragraph the income from such property, or, in case the gift, bequest, devise, or inheritance is of income from property, the amount of such income." This appeal has been reduced to a determination of whether, according to the provisions in the aforementioned section, rents derived from the usufructuary portion of a surviving spouse, which usufructuary portion has been previously valued to comply with the inheritance and gift tax laws, which taxes thereon have been paid, constitute taxable income.

The facts are simple. Let us see the details thereof. A refund of $1,034.41 as excess income taxes paid during the years 1954–58 was requested by the taxpayer. The tax was levied on rents derived from the usufructuary portion inherited by the taxpayer as usufruct upon the death of his wife. The taxpayer was entitled to a usufructuary portion equal to a third of the total estate ($42,963.85), an amount that at a 6% annual interest rate represented $2,577.83 in rent. The taxpayer's usufructuary portion was valued, using a mortality table granting him 19 years of estimated life, and considering the current value of the dollar, at $28,763.68 upon the death of the predecessor. Inheritance taxes on the taxpayer's usufructuary portion were levied on this amount. The tax was duly paid.

During 1954–58 the taxpayer included as taxable income the rents derived from his usufructuary portion. The taxpayer requested administratively, on February 15, 1960, a

refund of taxes paid on those amounts received as rents from his usufructuary portion during the aforementioned years. The refund was denied. He appealed to the Superior Court. The taxpayer argued that the tax, the refund of which was requested from the Secretary of the Treasury, involved a case of double taxation because "he paid to the Treasury inheritance taxes on the capitalization of his life-long rents and he paid again on the same amount." In answering the complaint the Secretary of the Treasury denied the taxpayer's contention of double taxation alleging special defenses against the claims for the years 1954 and 1956. The trial court admitted, for reasons which need not be stated herein, the defenses presented for these two years. The court allowed the refund of the other items. The court also determined that for the purposes of § 22(b)(3) "amounts to be received by the taxpayer up to $28,763.68 represent capital or inheritance which is expressly exempt from taxation, and being the amounts received by the taxpayer during the years 1954–58 annual payments made against said capital, these amounts are also tax exempt and, therefore, the payments made by the taxpayer in said years shall be refunded except those for the years 1954 and 1956."

For an adequate interpretation of the aforementioned section of our law it is convenient to examine its legislative history. This section corresponds, and is identical in its wording, to the provisions of the 1939 Federal Code as amended by § 111 of the 1942 Federal Income Tax Act. It must be pointed out that, on this subject, the different federal codes have included, from the beginning, provisions exempting from income taxes the value of property acquired by gift, bequest, devise, or inheritance, but have not exempted the income derived from such property.[1] However, the aforementioned

---

[1] Section 213(b)(3), of the Federal Codes of 1918–1921 provided:
"Section 213. For the purpose of this chapter, the term 'gross income.'
"(b) Shall not include the following items, which shall be exempt

sections do not stipulate whether there is taxable income when the gift, bequest, devise or inheritance consists in the right to receive, not the property, but the income derived from the properties. The question was clarified in *Irwin* v. *Gavit*, 268 U.S. 161 (1925), where the court, in interpreting the scope of the exclusions from gross income, provided by § IIB of the 1913 law, determined that income received by the beneficiary of a devise, which devise consisted in the right to receive lifelong sums from a fund on which the beneficiary had no ownership, was not exempt. After the doctrine in *Irwin* was firmly established it was codified in the federal statute by an amendment in 1942.[2] When our 1954 Income Act was approved, the federal version, as amended in 1942, was adopted. Therefore, the text of the law is clear and has no ambiguity. It exempts from taxation property acquired by gift, bequest, devise or inheritance, but does not exempt income derived from such property, *"or in case the gift, bequest, devise or inheritance consists of income derived from such property, the amount of such income."* (Emphasis supplied.)

---

from taxation under this chapter.

"(3) The value of property acquired by gift, bequest, devise, or descent (but the income from such property shall be included in gross income)."

See, also, identical provisions in § 22(b)(3) of the 1928, 1932, 1934, and 1939 Codes.

[2] In *Lydia Hopkins* v. *Com. of Internal Revenue*, 13 T.C. 952, 967, 968 (1949), an interesting exposition of the amendment to § 22(b)(3) of the 1939 Federal Code by the 1942 Act, is made, and from the legislative report the following is cited:

"Under the existing law, the value of property acquired by gift, devise, or inheritance, but not the income therefrom, is excluded from gross income by the provisions of section 22(b)(3) of the Code. This section has been construed as not requiring the exclusion from gross income of amounts received under a gift, bequest, or devise of *a right to income* from property, *Irwin* v. *Gavit* (268 U.S. 161 (1925)). This construction of the existing law is *now written into the bill* for the sake of clearness. [Emphasis supplied.] [77th Cong., 2d sess., H. Rept. No. 2333 of the Committee on Ways and Means on the Revenue Bill of 1942, p. 66, sec. 110; S. Rept. No. 1631 of the Committee on Finance on The Revenue Bill of 1942, p. 70, sec. 111.]"

■ The facts at issue are clearly within the language of the aforementioned statutory provision. The law does not leave room for any other determination. The taxpayer received income derived from the enjoyment of an usufruct inherited on his wife's death, which income, according to the law, is taxable.

However, it has been pointed out to us that, having capitalized the usufruct, estimating its annual yield for a certain number of years, it is contrary to the law that the taxpayer be compelled to pay income taxes on the same amount. Commenting the doctrine established in *Irwin* v. *Gavit*, 1 Mertens, Law of Federal Income Taxation, § 7.11 (ed. 1962), states:

". . . Further, when the gift, bequest, devise, or inheritance is itself one of income from property, such income is not excluded. The leading case on this latter distinction was *Irwin* v. *Gavit*, dealing with income payable to the life beneficiary of a testamentary trust where the Supreme Court held the income taxable to the beneficiary. The same rule has been applied to a bequest of income from a testamentary trust for a period of years. *Such income is taxable without regard to the fact that the right, at the time of death, to receive such income had a value.*" (Italics ours.)

■■ We see no difference between a taxpayer who inherits specific property and pays the corresponding tax and the one who receives property in usufruct. The difference in the manner of valuing these two rights has no effect when it comes to the application of the Income Tax Act. The fact that the valuation of a usufruct considers the estimated annual yield of the usufruct multiplied by the beneficiary's estimated life does not alter the situation. It is just a way of valuing the right acquired. Any other method of valuation may be employed, but the one used here is considered the least arbitrary. It is clear that if in this case the heirs would have awarded the taxpayer specific property in payment of his

usufructuary portion which would have produced rents, the rents would have to be included in the taxpayer's gross income. The fact that the taxpayer's right has not been individualized in a specific property shall not, in good logic, change the solution. There is no doubt that, in both cases, the inheritance tax on the inherited right must be satisfied. In this regard it is convenient to remind ourselves that the inheritance tax is imposed on the right to receive property, that is, on the transfer of such property. *Freeman* v. *Secretary of the Treasury*, 82 P.R.R. 298 (1961); *Waud* v. *United States*, 48 F.2d 444 (1931); *Kleberg* v. *Comm. of Internal Revenue*, 31 B.T.A. 95, 100 (1934).

The Federal Tax Court has had the opportunity on several occasions of disallowing contentions similar to the one brought before us by the taxpayer. See, by way of illustration, *George P. Widener* v. *Comm. of Internal Revenue*, 8 B.T.A. 651, *affirmed* in 33 F.2d 833 (3d Cir. 1929); *Brooks* v. *United States*, 6 F.Supp. 844 (1934); *Waud* v. *United States, supra; Regenold* v. *United States*, 60 F.Supp. 765 (1945).

In *Widener, supra,* the Federal Tax Court faced similar facts and contentions as those in the case at issue. The case dealt with an income tax levied on income from two trusts to which the appellants were the beneficiaries. The trusts, for inheritance tax purposes, were previously valued using a formula substantially similar to the one considered herein. The tax was contested by arguing, as is done herein by the taxpayer, that it taxed rents previously capitalized to satisfy the inheritance tax. In disallowing the complaint the Tax Court stated:

"These two taxes—the death duty, whether upon the legacy or upon the estate, and the income tax—are wholly different in concept and theory, and the fact that they may impinge upon each other in ultimate incidence by striking at the beneficiary so as to diminish first his inheritance and then his income there-

from is a legislative matter which Congress has presumably considered. Our present concern is to consider whether the distributions of what is indisputably income of the trust are income to petitioners, and, if so, whether as such the statute taxes them or exempts them.

"The petitioners argue that, irrespective of the statutory exemption of bequests, the full amount of distributions is not income, because out of such distributions they are entitled to recover as capital, the value of the right to receive them. This is the theory that, because the right had a value which would serve to measure a legacy tax, it was capital of petitioners from thenceforth; that it is thereafter being diminished; that the diminution is in some way brought about by the distributions of income; that such distributions are the only means to off set the diminution, and hence, to the extent of such offset, the distributions are a 'return of capital.' We may pass the question whether in the true sense this 'right to receive income' is capital; whether the capital, if any, is not represented only by the interest in the fund which produces the income . . . . But suppose it is capital, wherein is it impaired or diminished? [The right to receive the distributions] It persists in full force. It begins at death as a right to receive income from, and thus an interest in, the fund, and continues throughout in as great a measure as it began. To be sure, the lapse of time affects the probable number of future payments, but how can this change the nature of the payments as income when received? Suppose they were to go on forever, would they be more capital because of longer expectancy, or less capital because [they are] beyond the formula of valuation? Nothing invades the interest in the fund, and no receipt of the distributable income reduces it . . . . Why, then, should any part of the distributable income be left untaxed, since it takes nothing from the right to receive it?"

Therefore, the tax shall be imposed. The judgment appealed from shall be reversed and the complaint dismissed.