JOSÉ T. DÍAZ DANUZ, demandante y recurrido, *v.* SECRETARIO DE HACIENDA, demandado y recurrente.

*Número:* R-64-124 *Resuelto:* 23 de diciembre de 1964

*J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados del recurrente; *Raúl Matos,* abogado del recurrido.

Sala integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Rigau y Dávila.

EL JUEZ ASOCIADO SEÑOR DÁVILA emitió la opinión del Tribunal.

La Sec. 22(b)(3) de la Ley de Contribuciones Sobre Ingresos de 1954—13 L.P.R.A. sec. 3022(b)(3)—establece que no estarán incluidos en el ingreso bruto y estarán exentos de tributación "[e]l valor de los bienes adquiridos por donación, manda, legado o herencia. No será excluído del ingreso bruto bajo este párrafo el ingreso derivado de dichos bienes, o en caso de que la donación, manda, legado o herencia consistiere de ingreso derivado de bienes, el importe de dicho ingreso". El presente recurso se contrae a determinar si de acuerdo con lo dispuesto en la citada sección constituyen ingreso tributable, las rentas provenientes de un usufructo vidual, previamente valorado y tributado para satisfacer la contribución sobre herencia y donaciones.

Los hechos son sencillos. Veamos sus detalles. El contribuyente solictó el reintegro de $1,034.41 que alega pagó en

exceso durante los años 1954–58 por concepto de contribución sobre ingresos. La contribución le fue impuesta sobre rentas recibidas de un usufructo vidual que heredó al fallecer su esposa. El recurrido tenía derecho al usufructo de una tercera parte de la herencia ($42,963.85), que a razón de un rédito anual de 6% representaba una renta de $2,577.83. Aplicada la tabla de mortalidad que le fijaba una vida probable de 19 años, y considerado el valor presente de un dólar, se fijó el valor del derecho de usufructo a la fecha de la muerte de la causante en $28,763.68. Sobre esta última cantidad se tributó el usufructo del recurrido para los efectos de la Ley de Herencias. La contribución fue debidamente satisfecha.

Durante los años 1954–58 el contribuyente incluyó como ingreso tributable las rentas recibidas del derecho de usufructo. El 15 de febrero de 1960 solicitó administrativamente el reintegro de la contribución impuesta sobre las sumas que recibió provenientes del usufructo durante los años anteriormente mencionados. El reintegro fue denegado. Acudió al Tribunal Superior. Alegó que la contribución cuyo reintegro se solicitó del Secretario de Hacienda implicaba una doble tributación ya que "pagó al fisco insular contribución de herencia sobre la capitalización de su renta por toda su vida teniendo que pagar nuevamente por el mismo concepto". Contestada la demanda el Secretario de Hacienda negó la alegación de doble tributación e interpuso defensas especiales contra las reclamaciones correspondientes a los años 1954 y 1956. El tribunal de instancia declaró con lugar las defensas interpuestas contra el reintegro solicitado para estos dos años por razones que no es necesario apuntar. Concluyó que procedía el reintegro de las demás partidas. Determinó que para los efectos de la Sec. 22 (b) (3) "lo que recibe el demandante hasta la suma de $28,763.68 representa capital o herencia que está expresamente exento de tributación, y, siendo las sumas recibidas por él durante los años 1954–1958 los pagos anuales contra dicho capital, éstas también están exentas de

tributación y los pagos hechos por él en esos años le deben ser acreditados excepto los correspondientes a los años 1954 y 1956. . .".

Para una interpretación adecuada de la sección de nuestra ley anteriormente citada conviene examinar su historial legislativo. Corresponde y es idéntica en su fraseología a lo preceptuado en la Sec. 22 (b) (3) del Código Federal de 1939 según enmendado por la Sec. 111 de la Ley Federal de Contribuciones Sobre Ingresos de 1942. Cabe señalar que desde sus comienzos los distintos códigos federales sobre la materia han incorporado disposiciones eximiendo de tributación sobre ingresos el valor de los bienes adquiridos por donación, manda, legado o herencia pero no el ingreso derivado de dichos bienes. (1) No obstante las referidas secciones nada estipulan sobre la procedencia de tributar ingresos cuando la donación, manda, legado o herencia consiste en el derecho a recibir, no los bienes, sino el ingreso derivado de éstos. La cuestión quedó esclarecida en *Irwin* v. *Gavit*, 268 U.S. 161 (1925), donde el tribunal interpretando el alcance de las exclusiones del ingreso bruto establecidos en la Sec. IIB de la ley de 1913 determinó que no están exentos de tributación los ingresos percibidos por el beneficiario de un legado consistente en el derecho a recibir por vida sumas provenientes de un fondo sobre el cual el beneficiario no posee derechos dominicales. Firmemente establecida la doctrina de *Irwin* ésta fue codificada en el estatuto federal mediante enmienda al mismo en

---

(1) La Sec. 213 (b) (3) de los Códigos Federales de 1918–1921 disponían:

"Sección 213. Para los efectos de este título el término 'ingreso bruto'

"(b) No incluye las siguientes partidas que estarán exentas de tributación bajo este título.

"(3) El valor de los bienes adquiridos por donación, manda, legado o herencia (pero el ingreso derivado de dichos bienes será incluido en el ingreso bruto)."

Véanse además idénticas disposiciones en la Sec. 22 (b) (3) de los Códigos de 1928, 1932, 1934 y 1939.

el año 1942.([2]) Al aprobar nuestra Ley de Contribuciones Sobre Ingresos de 1954 adoptamos la versión de la ley federal ya enmendada en el 1942. El texto de ley es pues meridianamente claro y sin ambigüedades. Exime de contribución los bienes adquiridos por donación, manda, legado o herencia pero no el ingreso derivado de dichos bienes, *"o en caso de que la donación, manda, legado o herencia consistiere de ingreso derivado de bienes, el importe de dicho ingreso."* (Énfasis suplido.)

▮ Los hechos que nos ocupan quedan claramente enmarcados dentro del lenguaje del precepto estatutorio ya antes citado. La Ley no deja margen para otra determinación. El recurrido percibe ingresos producidos al disfrutar de bienes en usufructo que le fueron legados al acaecer el óbito de su esposa, y dicho ingreso por disposición de ley constituye ingreso tributable.

Se nos señala, sin embargo, que habiéndose capitalizado el usufructo estimándose el rendimiento anual de éste durante un número de años, es improcedente que el contribuyente se vea obligado a pagar nuevamente contribución sobre ingresos por el mismo concepto. En 1 Mertens, *Law of Federal Income Taxation* sec. 7.11 (ed. 1962) al comentarse lo establecido en *Irwin* v. *Gavit,* se expone que:

---

([2]) En *Lydia Hopkins* v. *Comm. of Internal Revenue,* 13 T.C. 952, 967, 968 (1949), se hace una interesante exposición de la enmienda efectuada a la Sec. 22(b)(3) del Código Federal de 1939 por la Ley de 1942 y se cita del informe legislativo lo siguiente:

"Bajo la presente ley, el valor de los bienes adquiridos mediante donación, manda, legado o herencia está excluido del ingreso bruto, a tenor con lo dispuesto en la sección 22(b)(3) de la ley, pero no los réditos derivados de dichos bienes. Se ha interpretado que la referida sección no requiere que se excluyan del ingreso bruto las sumas recibidas mediante una donación, manda o legado que da derecho a recibir ingresos provenientes de bienes, *Irwin* v. *Gavit* (268 U.S. 161 (1925)). Esta interpretación *queda ahora codificada en el proyecto* para mayor claridad. [Énfasis suplido.] [77 mo. Congreso, 2da. sesión, Informe de la Cámara Núm. 2333 de la Comisión de Medios y Arbitrios sobre la Ley de Contribuciones de 1942, pág. 66, sec. 110; Informe del Senado Núm. 1631 de la Comisión de Hacienda sobre la Ley de Contribuciones de 1942, pág. 70, sec. 111]."

" . . . Además, cuando la donación, manda, legado, o herencia consiste de ingreso derivado de bienes, dicho ingreso no queda excluido. Esta última distinción quedó establecida en *Irwin* v. *Gavit,* donde se determinó que los ingresos procedentes de un fideicomiso testamentario eran tributables al beneficiario de éste. La misma doctrina se ha hecho aplicable a una manda consistente en ingresos provenientes de un fideicomiso testamentario durante un período de años. *Los réditos son tributables no obstante el hecho de que al ocurrir el fallecimiento el derecho a percibir dicho ingreso tenía valor."* (Énfasis suplido.)

 No vemos diferencia alguna entre el contribuyente que recibe mediante herencia un bien específico sobre el cual paga la contribución correspondiente y el que recibe unos bienes en usufructo. La diferencia en la forma de valorar uno y otro derecho no tiene efecto en la aplicación de la Ley de Contribuciones Sobre Ingresos. El hecho de que al valorar un usufructo se tome en consideración lo que se estima produzca anualmente el mismo para luego multiplicarlo por los años de vida estimada del beneficiario no altera la situación. Es simplemente una forma de valorar el derecho adquirido. Puede usarse otra pero se considera que la utilizada es menos arbitraria. Resulta claro que si en este caso los herederos hubiesen adjudicado unos bienes específicos al cónyuge viudo en pago de su cuota usufructuaria y esos bienes produjeran rentas, éstas tendrían que ser incluidas en el ingreso bruto del contribuyente. El hecho de que no se haya individualizado el derecho del cónyuge en un bien específico no debe, en buena lógica, alterar la solución. Y en ambos casos, no hay duda de que previamente se ha tenido que satisfacer la contribución de herencia sobre el derecho transferido. Al efecto vale la pena recordar que esta contribución recae sobre el derecho a recibir los bienes, o sea, sobre la transferencia. *Freeman* v. *Srio. de Hacienda,* 82 D.P.R. 307 (1961); *Waud* v. *United States,* 48 F.2d 444 (1931); *Kleherg* v. *Comm. of Internal Revenue,* 31 B.T.A. 95, 100 (1934).

En varias ocasiones el Tribunal Federal de Contribuciones ha tenido ocasión de considerar y rechazar la precisa contención que ante nos urge el recurrido. Véanse por vía de ilustración *George D. Widener* v. *Comm. of Internal Revenue*, 8 B.T.A. 651 confirmado en 33 F.2d 833 (3d Cir. 1929); *Brooks* v. *United States*, 6 F.Supp. 844 (1934); *Waud* v. *United States*, supra; *Regenold* v. *United States*, 60 F.Supp. 765 (1945).

En *Widener*, supra, el Tribunal Federal de Contribuciones se confrontó con hechos y alegaciones similares a las de autos. Se trataba allí de la contribución sobre ingresos impuesta a los ingresos provenientes de dos fideicomisos de los cuales los demandantes eran beneficiarios. Los fideicomisos habían sido previamente valorados para satisfacer una contribución de herencia utilizando una fórmula sustancialmente igual a la que ahora consideramos. Se impugnó la contribución alegando, como ante nos lo hace el recurrido, que la contribución impuesta gravaba el capital ya que se había impuesto sobre unas rentas anteriormente capitalizadas para satisfacer la contribución de herencia. Al desestimar la cuestión planteada el Tribunal de Contribuciones se expresó así:

"Estas dos contribuciones—la contribución sobre herencia tributando el legado o todo el caudal hereditario y la contribución sobre ingresos—son totalmente diferentes en concepto y teoría, y el hecho de que en última instancia dichas contribuciones puedan incidir una sobre la otra afectando al beneficiario primeramente al disminuir su herencia y luego el ingreso que ésta produce, es asunto de índole legislativa que el Congreso probablemente consideró. Nuestro interés consiste ahora en determinar si las distribuciones hechas de lo que sin lugar a dudas es ingreso producido por el fondo constituye ingresos para los demandantes, y de serlo, si el estatuto tributa estos ingresos o los declara exentos.

"Los demandantes alegan que, irrespectivamente de las exenciones dispuestas por la ley para mandas o legados, la totalidad de las sumas percibidas por ellos no constituyen ingresos ya que tienen el derecho a recobrar de estas sumas, como capital, el

valor atribuido al derecho a percibir estas cantidades. Es esta su teoría, como el derecho a recibir réditos tenía un valor que sirvió para establecer la contribución sobre herencia, éste se convirtió en capital desde entonces; que en alguna forma este derecho va disminuyendo; que la distribución de las sumas es la única forma de prevenir esta disminución y por lo tanto constituyen una 'devolución de capital'. Podemos dejar a un lado la cuestión de si en verdad este 'derecho a percibir ingresos' es capital; si de haberlo, el capital no solo está representado en el interés que se tenga sobre el fondo que produce los ingresos . . . Pero aún asumiendo que fuera capital ¿en qué forma se disminuye? [El derecho a recibir las sumas] subsiste íntegramente con toda su fuerza. Comienza al acaecer el fallecimiento y continúa durante el término en la misma forma en que comenzó. Cierto es que el transcurso del tiempo afecta el número probable de pagos pero ¿cómo puede esto afectar la naturaleza de estas cantidades como ingresos al recibirse? Asumiendo que los pagos continuaran indefinidamente, ¿constituiría capital adicional porque el derecho es de larga duración o menos capital porque no pueda valorarse? El derecho que se tiene sobre el fondo no queda menoscabado por nada, ni se disminuye por los plazos recibidos . . . ¿ Por qué entonces no deberán tributarse las sumas recibidas si el derecho a recibirlas no queda afectado?"

*Claramente procede entonces la contribución impuesta. Se revocará la sentencia apelada y se declarará sin lugar la demanda.*